## TIDAL OIL CO. v. ROELFS.

No. 9552.—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

1. **Contracts — Construction — Language of Contract.**

It is due the parties to a contract in writing to assume that they know and understand the logical and grammatical use of words. phrases, and clauses chosen by them to convey the thought and purpose of their contract.

2. **Same—Statutes—Rules of Grammar.**

The courts are presumed to know, understand, and follow the rules of grammar in the construction of statutes and contracts.

3. **Same—Restrictive Clauses—Use of Comma.**

The rule is that no comma must be placed between restrictive adjuncts or clauses and that which they restrict. A restrictive clause. however, must be set off by a comma, when it refers to several antecedents which are themselves separated by that point.

4. **Equity—Jurisdiction—Complete Relief.**

A court of equity which has obtained jurisdiction of the controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter, and avoid multiplicity of suits.

5. **Oil and Gas—Forfeiture of Lease—Sufficiency of Petition.**

Record examined and held; that the allegations of plaintiffs' petition sufficiently support the findings of the trial court.

Error from District Court, Okmulgee County; Ernest B. Hughes, Judge.

Action by F. E. Roelfs against the Tidal Oil Company (formerly Okla. Oil Company.) Judgment for plaintiff, and defendant brings error. Affirmed.

W. C. Franklin, for plaintiff in error.

McCrory, Johns & Shackelford, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of forfeiting an oil and gas lease for failure to develop the leased premises in accordance with the terms of the lease. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

When the cause was first reached for trial the court below refused to enter a decree of forfeiture at that time, but entered an order allowing the defendant, who was the lessee, 60 days within which to proceed to develop, in a reasonable manner, the oil and gas lease which was subject of this litigation. After the expiration of this time the plaintiff filed his motion for an order canceling said lease in words and figures as follows:

"Comes now plaintiff and represents to the court that the defendant in pursuance to the order of court entered the 23rd day of May, 1916, reference thereto being had. drilled an additional test well upon the premises involved in this lease, which resulted in a dry hole; that the results of said test were and are unsatisfactory to the plaintiff and that said premises, as the result of the defendant's lack of development, have remained undeveloped; that plaintiff has heretofore and now has an opportunity to lease said premises, consisting of 320 acres, to various oil operators who are willing, ready, and able to proceed to develop; that defendant company has abandoned the premises and the original lease has expired. Wherefore, plaintiff moves the court for an order canceling said lease and clearing his title therefrom, and further moves that the questions as referred to in said order of May 23, 1916, be postponed for the consideration of Judge Hughes at such times as he may preside over this court, as said judge having heretofore partially considered said matter."

Thereafter the court entered a decree whereby it was ordered:

"That the lease upon said premises be and same is hereby canceled, and the defendant's time to occupy said lease having expired, it is hereby directed to surrender the premises and remain off of same. It is hereby further ordered that this case be continued for the purpose only of determining the question of rentals involved as set forth in the order of this court herein on May 31, 1916."

Later the court entered an order as follows:

"It is therefore as incidentive to the relief and orders heretofore granted and made, this being cause in equity, considered, ordered, and adjudged by the court that the plaintiff, F. E. Roelfs, to have and recover of and from the defendant, Okla. Oil Company, a corporation. the sum of nine hundred ($900.00) dol-

lars, with interest thereon from this day, at the rate of six per cent per annum, to which finding and judgment of the court the defendant in open court excepts."

It is to reverse this money judgment that this proceeding in error was commenced.

Counsel for the defendant summarize their grounds for reversal in their brief as follows:

1. Did the trial court err in finding that defendant in error should recover of and from the plaintiff in error the sum of $900, with interest thereon from date of judgment at the rate of six per cent per annum?

2. The allegations of plaintiff's petition do not support the findings of the trial court.

The answer to the first question turns upon the construction to be given to part of the following provision of the lease in relation to compensation in the event gas was found:

"To have and to hold the same unto and for the use of the lessee for the term of five (5) years from the date hereof, and as much longer as oil and gas is found in paying quantities thereon, paying to the lessors one-eight (1-8) of all the oil produced and saved from the premises, delivered into tank or pipe line the lessors' credit and at the rate of three hundred ($300.00) dollars per year, payable semi-annually in advance for each gas well with a capacity of over three million cubic feet per day, and one-eighth of the gas from all gas wells under three million cubic feet capacity when utilized off the premises, lessor to have free use of gas for one dwelling house now on said premises if found in paying quantities, making their own connections for such gas at the wells at their own risk and expense."

If we understand the contention of counsel for the defendant it is this: Although the parties to the contract did not insert a comma between the restrictive clause "when utilized off the premises" and its nearest antecedent clause, the court should construe the foregoing provision as if there was a comma there, because, counsel say in their brief:

"The construction placed upon the wording of this lease by the trial court, on account of the absence of the comma referred to, gives an unusual meaning to the words used, and assumes that the contracting parties were not using ordinary intelligence, for there could be no intelligent reason why it should agree to pay for gas from a well producing three million cubic feet when the same was not utilized and not pay for the gas from wells producing less than three million cubic feet when not utilized."

We are unable to agree with this contention.

There is no ambiguity on this point in the language used by the parties in drafting their contract, and therefore resort to the rules of construction is unnecessary. It is due the parties to this lease to assume that in writing this provision they knew and understood the grammatical and logical use of the words, phrases, and clauses used by them to convey the thought and purpose intended by their contract. As this provision is written and punctuated the restrictive clause "when utilized off the premises" restricts only its nearest antecedents, providing for the payment of the gas produced from wells under three million cubic feet capacity per day. This being its legal, logical, and grammatical antecedent, the court is not at liberty to change the punctuation upon the ground urged. It is quite true as counsel say that:

"Punctuation is a most fallible standard by which to interpret a writing."

But where there is no ambiguity in the writing, as in the case at bar, there is no need for interpretation. The provision of the lease under consideration is not ambiguous as written, with the comma omitted, and it would not be ambiguous if the comma were inserted. If the comma were inserted, the court, in applying the rules of grammar, which are also presumed to be known and understood and followed in the construction of statutes and contracts, would be compelled to hold that the restrictive clause qualified both antecedents. The rule is that no comma must be placed between restrictive adjuncts or clauses and that which they restrict. A restrictive clause, however, must be set off by a comma when it refers to several antecedents which are themselves separated by that point. It will be observed that in the provision under consideration the two antecedent clauses are separated by a comma. Under this rule, if the parties intended the restrictive clause to apply to both antecedents, they, undoubtedly, would have set it off by a comma.

It seems to us that the court below understood and followed the correct rule in the construction of the contract under consideration.

In support of his second contention counsel says:

"Nowhere in plaintiff's petition is there any allegation to support the findings of the trial court, unless it be in his prayer for relief, which was a general prayer for 'such other and further relief in the premises as in equity may be required and to Your Honor may seem meet.'"

We are not quite sure that there is an assignment of error sufficient to present this question for review, but in order to give counsel the benefit of the doubt, we have examined the petition and are of the opinion that

the allegations therein are sufficient to support the findings of the trial court.

The petition, after setting out the lease in full, further alleges as follows:

"Plaintiff further avers that he has received no rentals, nor anything of value whatever, from said defendant company or otherwise, upon or for said lease, or from the said well since plaintiff became the owner of said half section of land, to-wit, on the 10th day of January, 1913, and that the defendant, notwithstanding the terms of said lease, has refused and still refuses to pay this plaintiff any rentals for said gas, and also has neglected and persistently refused to proceed to drill."

The defendant joined issue on this allegation by filing its denial, and the issue so formed was, by order of the trial court, continued from time to time, until the final disposition of the case.

A court of equity which has obtained jurisdiction of the controversy on any ground or for any purpose will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter, and avoid multiplicity of suits. Cook v. Warner, 41 Okla. 781, 140 Pac. 424; Brook et al. v. Wertz et al., 61 Oklahoma, 160 Pac. 904.

Finding no reversible error, the judgment of the court below is affirmed.

RAINEY, V. C. J., and JOHNSON, PITCHFORD, McNEILL, and BAILEY, JJ., concur.