ROSE R. PALTANI, APPELLEE, V. SENTINEL LIFE INSURANCE COMPANY, APPELLANT.

FILED JUNE 19, 1931. No. 27914.

*Dressler & Neely,* for appellant.

*S. L. Winters* and *John T. Marcell, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Day, JJ.

Day, J.

This is an action by the beneficiary to recover under the terms of an insurance policy for accidental death of the insured. The insurance company appeals from a judgment.

The insured was instantly killed, while riding in or upon an automobile, by being struck, run down or over by another automobile. The policy upon which this action is brought insures against losses and disabilities which result, exclusively of all other causes, from accidental bodily injuries sustained by the insured, which are sustained while operating, driving, riding in or on, demonstrating, adjusting or cranking an automobile, or in consequence of being struck, run down or run over, or caused by the burning or explosion of an automobile. Under the insuring paragraph of the policy, this accident was covered because the bodily injury resulting in the death of the insured was sustained while riding in or on an automobile, and in consequence of being struck down or run over by an automobile. However, the policy in question is one of strictly limited liability. It is denominated by the company as a "Special Automobile Accident Policy." It is, of course, perfectly proper for the company to limit its

liability., The policy only calls for a premium payment of $5 a year, which necessitates such limitation on the part of the company. If the accident in this case in which the insured figured is one not covered by the policy, it must be because it is excluded by a subdivision E of paragraph 4 of additional provisions of the said policy which limits or excludes liability for certain accidents. Here it is: "This insurance does not cover * * * while driving or riding in or on any * * * automobile truck."

In *Coad v. London Assurance Corporation*, 119 Neb. 188, we held: "Where an insurance policy by its insuring clause clearly covers an article, and an exemption clause does not clearly exclude it, the policy, being strictly construed against the company preparing it, will be held to cover said article." The plaintiff relies upon this case to support its contention. We doubt that the cited case controls the case at bar. There seems to be no ambiguity in the controversial policy.

The appellant contends that the insured at the time of his injury was riding in or on an automobile truck, and was therefore not covered by the policy. Was the car in or on which the insured was riding an automobile truck within the terms of the policy? The decision of the court that the car in or on which the deceased was riding was not an automobile truck will determine that plaintiff is entitled to recover under the policy. This case was presented to the trial court and to this court as a case stated upon an agreed statement of facts, which, with reference to the car in question, is as follows: "It is further agreed that the car upon which Paltani was riding when he was struck by the automobile driven by Wood was a Twin Six (6) Cylinder Packard Car, equipped for a wrecking car; that it was originally a touring car, and the touring body had been taken off and a cabin body put on the front of it, and a box for holding tools, and back of the box was a hoisting device for lifting up machines for the purpose of repairing, and for the purpose of towing them along

the highway." The Oxford Dictionary defines a truck as "a wheeled vehicle for carrying heavy weights." The New Century Dictionary defines a truck as an automobile for transporting heavy loads. An automobile truck has also been defined as a "vehicle for conveyance of commercial purposes over ordinary roads and the average type of that kind of vehicle is especially designed both in its propelling mechanism and its body construction for that function." 42 C. J. 611. The foregoing work cites *American-La France Fire Engine Co. v. Riordan*, 6 Fed. (2d) 964, which case we will discuss later. The car in question does not come within the definition of an automobile truck. It was not built for carrying heavy loads and was not so used. It was equipped with tools for doing a certain work. It was suitable for and was used to carry passengers. The insured was a passenger at the time of the accident. We are of the opinion that the car in this case is not a truck within the authoritative definitions herein quoted. The appellant contends that section 60-301, Comp. St. 1929, contains a statutory definition of the word truck, which statutory definition became a part of the contract of insurance. They rely upon the rule stated in *American Surety Co. v. School District*, 117 Neb. 6: "Statutes, with reference to which contracts are made and entered into, become a part of such contracts." The definition given in the statute is: "Trucks shall include motor vehicles equipped or used to carry anything other than passengers." This section of the statute is a part of the article relating to motor vehicle registration and licenses and deals only with the regulation of motor vehicles upon the highway. This automobile was not equipped or used to carry anything other than passengers.

The views expressed herein find support in some cases. In *American-La France Fire Engine Co. v. Riordan*, 6 Fed. (2d) 964, the court held that a fire engine was not a motor truck within the meaning of the revenue act which avoided the use of the term motor vehicle which is ordina-

rily charged as a "catch all" phrase. In *Poncino v. Sierra Nevada Life & Casualty Co.*, 104 Cal. App. 671, it is stated that the manner in which a vehicle is used, as well as construction, are important factors in determining its character as passenger or freight vehicle under an accident policy. This case cites *Wilmarth v. Pacific Mutual Life Ins. Co.*, 168 Cal. 536, which held that the provision in the policy for double indemnity in case of injury to the insured while in a passenger elevator had reference, not only to the elevator's use exclusively for passengers, but to the elevator's customary use for conveying passengers, although also used for carrying freight. As stated, there was testimony that the car was sold as a passenger car and that it was primarily used to transport the insured from place to place in the course of his employment. A body was attached and insured at the same time used the car for other purposes incidental to the main purpose, but that did not necessarily alter its characer and it would still be a passenger car. The car was customarily used for the carriage of the driver, the carriage of other passengers being incidental.

In *Hemlock 6400 Tire Co. v. McLemore*, 151 Tenn. 99, a Ford roadster with wagon shape box substituted for tonneau as distinguished from type designated "truck" by factory, used chiefly for commercial purposes to carry tools and rider's articles, but no freight, was held not a truck within the statutes providing for registration of automobiles and fixing fees; intent being to distinguish heavy, slow moving freight vehicles causing heavy road wear, according to manufacturer's class, and a truck being a strong vehicle for transporting freight, merchandise or other heavy articles.

We are constrained to hold that a touring car, from which the body has been removed and a cabin placed on the front with a small box for holding tools, and back of which is attached a hoisting device for lifting automobiles for the purpose of repairing and towing them along

the highway, is not an automobile truck within the meaning of a provision of an accident insurance policy excluding liability for an accidental injury received while riding in or on any automobile truck.

The judgment of the district court is

AFFIRMED.