BADIE H. CONYARD v. LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE.

(Filed 12 April, 1933.)

**1. Insurance R a—**

A private one and one-half ton motor driven truck is a "private motor driven car" within the meaning of that term as used in a policy of accident insurance.

**2. Insurance E b—**

Where an insurance policy is reasonably susceptible of two interpretations, the one more favorable to the insured will be adopted.

APPEAL by defendant from *Cowper, Special Judge,* at January Term, 1933, of ALAMANCE.

Simon Conyard was fatally injured 19 April, 1932, by accidental means when the private Chevrolet one and one-half ton motor driven truck, in which he was driving at the time, struck the embankment of the highway and threw him violently to the hard surface portion of the road. The deceased held an insurance policy with the defendant company which provided an indemnity of $1,000 for death from accidental bodily injuries resulting from the "collision of or by any accident to any private drawn vehicle or private motor driven car in which the insured is riding or driving." The plaintiff, wife of the deceased, was named as beneficiary in said policy.

There was judgment for the plaintiff, from which the defendant appeals, assigning error.

*Long & Long for plaintiff.*
*Long & Ross for defendant.*

STACY, C. J. Is a private Chevrolet one and one-half ton motor driven truck a "private motor driven car" within the meaning of the policy in suit? The case was made to turn on the answer to this question in the court below, and we are disposed to agree with his Honor that it is.

The term "motor driven car" is broad enough to include a motor driven truck, and we cannot say a narrower interpretation was intended by the parties. The rule of construction is, that when an insurance policy is reasonably susceptible of two interpretations, the one more favorable to the assured will be adopted. "The policy having been prepared by the insurers, it should be construed most strongly against them." *Bank v. Ins. Co.,* 95 U. S., 673; *Jolley v. Ins. Co.,* 199 N. C., 269, 154 S. E., 400; *Underwood v. Ins. Co.,* 185 N. C., 538, 117 S. E., 790.

There was nothing said in *Lloyd v. Ins. Co.,* 200 N. C., 722, 158 S. E., 386, *Anderson v. Ins. Co.,* 197 N. C., 72, 147 S. E., 693, or *Gant v. Ins. Co.,* 197 N. C., 122, 147 S. E., 740, which militates against the position here taken.

Affirmed.