THE KENTUCKY HOME LIFE INSURANCE COMPANY
*v.* DYER, ADMINISTRATOR.

[No. 15,505. Filed November 22, 1937. Rehearing denied February 17, 1938. Transfer denied April 5, 1938.]

*Carl M. Gray,* for appellant.

*McDonald & McDonald* and *Lockyear & Lockyear,* for appellee.

BRIDWELL, J.—This action was brought to recover under the provisions of an accident insurance policy issued by the Inter-Southern Life Insurance Company to one Maurice Warner, the appellant, The Kentucky Home Life Insurance Company having assumed the obligations of the insurer under said policy, and the insured having died prior to the filing of the complaint from injuries sustained by accident.

The complaint was in one paragraph, the insurance policy involved being made a part thereof as "Exhibit A." Appellant filed its demurrer to the complaint on the ground that it "does not state facts sufficient to constitute a cause of action against the defendant." This demurrer was overruled and an exception reserved. Appellant thereafter filed its answer in four paragraphs the first of which was in general denial, which was afterwards withdrawn by leave of court. The plaintiff below filed its separate demurrer to the second, the third, and the fourth paragraphs of answer, and each of these demurrers was sustained, appellant excepting to each of said rulings. Appellant refused to plead further, and judgment against the appellant for the sum of $1,140.00 and costs was rendered. This appeal followed, the errors assigned and relied upon for reversal being alleged error in overruling the demurrer to the complaint; in sustaining the demurrer to the second paragraph of answer; in sustaining the demurrer to the third paragraph of answer; and in sustaining the demurrer to the fourth paragraph of answer.

Russel W. Dyer as administrator *de bonis non* of the estate of Maurice Warner, deceased, has entered special appearance herein and filed his verified motion to dismiss this appeal for "want of jurisdiction." In said capacity he asserts in said motion that the judgment appealed from was rendered in his favor and that the assignment of errors herein is entitled "The Kentucky Home Life Insurance Company v. Russel W. Dyer as administrator of the estate of Maurice Warner, deceased"; that he (as administrator *de bonis non*) is not named in said assignment, and that, therefore, the court has no jurisdiction; and further, that since the judgment was rendered on March 18, 1935, more than 180 days prior to the filing of his motion to dismiss on November 4, 1935, this court could not obtain jurisdiction, the time for perfecting an appeal having expired, and that, therefore, the appeal should be dismissed.

It is true that the descriptive words *"de bonis non"* do not appear in said assignment of errors. The appellee *is* designated merely as "Russel W. Dyer as Administrator of the Estate of Maurice Warner, deceased." Under the record in this case, however, we have concluded that omission of the words *"de bonis non"* does not require a dismissal of the appeal. In some of the pleadings filed in the trial court the caption of the pleading names the plaintiff as Russel W. Dyer, Administrator *de bonis non,* etc., and in some as Russel W. Dyer, as Administrator, etc. In the complaint filed the title of the cause designates the plaintiff as Administrator *de bonis non,* but in the body of the complaint it is averred that the plaintiff is "the duly appointed, legally qualified and acting administrator of the estate of Maurice Warner, deceased." It does not appear that any question relative to this matter was raised below, and in view of the entire record, and having in mind

the recent action of our Supreme Court* in overruling the motion to dismiss the appeal in the case of *McKinney* v. *Depoy* decided by this court (the appeal being dismissed) and reported in 4 N. E. (2d) 589, said cause having been transferred to the Supreme Court on petition of appellant, but no opinion on the merits having yet been rendered, we conclude that the motion to dismiss should be and it is overruled.

We deem it unnecessary to set forth the complaint in its entirety since the demurrer thereto challenges its sufficiency to state a cause of action because of its failure to aver that the private automobile in which the insured decedent was riding or driving at the time said automobile was wrecked by reason of a collision with a freight train at a highway crossing was of "the exclusively pleasure type."

The policy was made a part of the complaint as an exhibit. It insured "against death or disability resulting directly, independently and exclusively of all other cause from bodily injuries effected solely through external, violent and accidental means and sustained by the insured in the manner following:

"   . . . . .
"PART FOUR
"(A)   By the wrecking of any private automobile, motor driven car (motorcycles excepted) or horse-drawn vehicle of the exclusively pleasure type in which the insured is riding or driving, or being accidentally thrown from such wrecked automobile, car or vehicle."

Appellant's demurrer to the complaint, as a part of the memorandum thereto, set forth the provision of the policy last above quoted, and then averred "that there is no allegation in the complaint that the insured was riding at the time of the injury in a private automobile of the exclusive pleasure type." Other specifications of the memorandum of the demurrer need not be

*213 Ind. 361, 12 N. E. (2d) 250.

stated since appellant under its "Points and Authorities" presents only the question as to whether the complaint states facts sufficient to constitute a cause of action against it when it avers, as it does, that "while said policy of insurance and contract of reinsurance were both in full force and effect, a private automobile in which the said Maurice Warner was riding and driving was wrecked by collision with a railroad freight train at a highway crossing whereby mortal injuries were inflicted upon the body of said insured, which resulted in his instant death," but fails to aver that said automobile was of the exclusively pleasure type.

It is appellant's contention that its liability under the policy is limited; that no liability exists unless the wrecked means of conveyance involved in the accident, whether a private automobile, a motor driven car, or a horse-drawn vehicle, was of the exclusively pleasure type. We do not agree with this contention but are of the opinion that the qualifying phrase "of the exclusively pleasure type" relates to and qualifies only its nearest antecedent "horse-drawn vehicle." We find nothing in the provision of the policy in question to indicate a contrary intention when the punctuation and the entire context of such provision are considered. There was no error in overruling the demurrer to the complaint. For authorities supporting this conclusion, see: Ruling Case Law, Vol. 6, §234, p. 846; *Perry* v. *J. L. Mott Iron Works Co.* (1911), 207 Mass. 501, 93 N. E. 798; *Tidal Oil Co.* v. *Roelfs* (1920), 77 Okla. 183, 187 Pac. 486; *Cobban Realty Co.* v. *C. M. & St. P. Ry. Co.* (1920), 58 Mont. 188, 190 Pac. 988; *Baylor* v. *Hall* (1921), 106 Neb. 786, 184 N. W. 886; *American Insurance Co.* v. *Bean* (1929), 232 Ky. 111, 22 S. W. (2d) 426.

Error is also assigned as to the ruling on the separate demurrers filed to each the second, the third, and the

fourth paragraphs of answer to the complaint. The appellee insists that the demurrers involved in these rulings are not properly a part of the record, but this question we find it unnecessary to decide. Appellant in its brief asserts and in oral argument contended that the same legal questions are involved in determining the correctness of each of such rulings as are involved in determining whether error was committed in overruling the demurrer to the complaint. A careful examination of the answers and of the separate demurrers to each of them substantiates this assertion, so it would serve no good purpose to set out such pleadings or to state the substance thereof, or to discuss again the legal questions arising because of the claimed errors.

Finding no reversible error, the judgment is affirmed.