MARY L. LAFON, ADMINISTRATRIX OF THE ESTATE OF WILLIAM M. LA-FON, DECEASED, RESPONDENT, v. CONTINENTAL CASUALTY COMPANY, A CORPORATION, APPELLANT.—259 S. W. (2) 425.

Springfield Court of Appeals at Poplar Bluff. Opinion filed May 20, 1953.

*Web A. Welker,* Portageville, Missouri, Attorney for Appellant. *C. C. Cox,* Chicago, Illinois, of Counsel.

*Blanton & Blanton,* Sikeston, Missouri, Attorneys for Respondent.

804

BLAIR, J.—William H. LaFon was killed on August 18, 1950. His wife, the respondent, as plaintiff, was appointed as administratrix of his estate. She filed her petition in the Circuit Court of Scott County, against appellant, then defendant, on August 13, 1951, alleging that, on April 15, 1950, the defendant issued and delivered to plaintiff's husband a described policy of insurance whereby defendant insured the life of the said William M. LaFon in the sum of $1,000.00 against accidental death, and defendant had failed and refused to pay the same, although such death was by accident, and while defendant's policy of insurance was in full force and effect and covered such death.

Defendant filed its answer and motion for costs on September 1, 1951. The trial court rendered a judgment for plaintiff on June 9, 1952, in the sum of $1,000.00, and defendant has appealed to this Court.

The facts in this case are not in dispute. Defendant and plaintiff filed a statement of such agreed facts on March 18, 1952, as authorized by Section 512.120, R. S. Mo. 1949. The allegations of the petition, denied by the answer, need not be set out.

Defendant's liability under its policy of insurance depends to no extent on its cost of $1.40 per annum to insured; but we should keep in mind that the insurance company had the right to limit its liability by contract at that price, as much as it would if its liability was unlimited and cost insured much more. Plaintiff should be required to prove that the death of insured came within the provisions of the policy.

The stipulation as to the facts, with a copy of the insurance policy issued to insured, was as follows:

"STIPULATION OF FACTS.

"It is hereby stipulated and agreed by and between plaintiff and her attorneys Bloodworth & Bloodworth and Blanton &

Blanton, and defendant Continental Casualty Company, a corporation, and Web A. Welker, its attorney, that the following facts shall be taken as conceded in this cause and that the court may decide this cause upon this stipulation of fact, subject, however, to the rights of either party hereto to appeal.

"1st. Plaintiff, Mary L. LaFon is the duly qualified and acting Administratrix of the estate of William M. LaFon and was at the time of the death of the said William M. LaFon, his lawful wife.

"2nd. The defendant, Continental Casualty Company is an insurance corporation duly organized and existing under and by virtue of the laws of the State of Illinois and is duly authorized and admitted to do and transact business in the State of Missouri according to law.

"3rd. That the defendant, Continental Casualty Company issued its policy No. 430-9302 to the deceased William M. LaFon effective on April 15, 1950, and that the expiration date thereof was April 15, 1951; and that whatever liability, if any, is predicated on said policy.

"4th. That the photostat copy instruced (introduced) in evidence and marked as Plaintiff's Exhibit 2 is a true and correct copy of said policy.

"5th. That the required premium for said policy was duly paid by the plaintiff or someone in his behald and was duly received by the defendant company.

"6th. It is stipulated and agreed that the insured William M. LaFon met his death on the 18th day of August, 1950.

"7th. That he met his death while returning from his employment as a dragline operator in a 1950 Studebaker pick up truck then owned by him.

"8th. That at the time of the collision in which he met his death the insured William M. LaFon was using the said pick up truck for the purpose of his own transportation from the place where he had been working to his place of lodging.

"9th. That at the time of the collision in which William M. LaFon met his death he was not carrying any passenger or passengers for hire.

"10th. That said William M. LaFon was driving said pick up truck at the time of his death.

"11th. It is stipulated and agreed that the defendant had due notice of the death of the insured.

"12th. It is stipulated and agreed that either party to the above and foregoing stipulation may offer additional testimony not inconsistent with the facts above stipulated."

"(Filed March 18, 1952)"

The main contention is whether or not defendant was liable on its policy of insurance under the facts agreed upon and set out in such

stipulation. Defendant bases its claim of non-liability on certain paragraphs of the stipulation. An examination of plaintiff's (defendant's) brief in this Court, reveals that it is relying on the facts stipulated in the agreed statement of facts. In its brief, appellant says that the policy of insurance did not cover "accident occurring while riding as a passenger or otherwise in or on any aircraft, motorcycle, or farm machinery;" There is no controversy about that.

Defendant is liable under such policy of insurance only if the fatal accident occurred in the manner provided in the policy. In determining the liability of defendant, under Part III of the policy, we are governed by the statute above cited. In Maltz v. Jackoway-Katz Cap Co., 336 Mo. 1000, 82 S.W. (2d) 909, Judge Hays said:

"* * * a true admission, which, in the correct sense, is a formal act, done in the course of judicial proceedings,. which waives or dispenses with the production of evidence, by conceding for the purposes of litigation that the proposition of fact alleged by the opponent is true. * * *."

No more formal admission of the facts in a case could be made than is found in the case before us. Plaintiff recognizes the binding effect of such statement, for she says:

"The respondent adopts the Statement of Facts as set out in the Appellant's Brief as covering the facts upon which the Court based its decision. The agreed Statement of Facts is quite short and appears at pages 10 and 11 of the typewritten Transcript."

Paragraphs 7, 8, 9 and 10 of the Agreed Statement of Facts advises us that at the time of the collision and his fatal injury, insured was driving alone in his 1950 Studebaker pick-up truck, in going from his home to his place of employment. If he was protected by the insurance policy, it must have been under Paragraph (a) of Section C, Part III, thereof. That paragraph of the policy protected the insured against injury to the extent therein specified, and was as follows:

"(a) and while riding as a passenger or a driver in a private pleasure type (1) automobile or (2) animal-drawn vehicle;"

All of the cases cited by plaintiff permitted a recovery under the policy, because there was a coverage in the policy which conflicted with some other coverage, creating an ambiguity, or the accident itself was such as might have been expected under the coverage of the policy. Paragraphs (b), (c) and (d), of Section C, Part III, cannot be considered as protecting insured at all. Paragraph (b) requires that the vehicle used at the time of the fatal injury must have been used in the transport of merchandise. Paragraph (c) requires that the fatal accident occurred on a public street. Paragraph (d) covered insured only when he was riding a bicycle.

Plaintiff cites Hoover v. National Casualty Company, 162 S. W. (2d) 363, by the Kansas City Court of Appeals. Plaintiff has also cited Stewart v. North American Accident Insurance Co., 33 S. W. (2d)

1005, by the St. Louis Court of Appeals, and Mackay v. Commonwealth Casualty Co., 34 S. W. (2d) 564, by this Court. In all those cases, except possibly the Mackay case, there was an ambiguity between the policy and the clause under which insured, or someone for his estate, sought a recovery.

Plaintiff also cites Aetna Life Ins. Co. of Hartford, Conn. v. Bidwell, 241 S. W. (2d) 591 (595), where the Tennessee Supreme Court held, that a pick-up truck used for the pleasure of a fishing trip was a passenger automobile under the policy. It found ambiguity in such policy. We have carefully studied the cases of Smith v. Maryland Casualty Co. 246 N. W. 451, 63 N. D. 99, by the North Dakota Supreme Court. Conyard v. Life & Casualty Ins. Co. 204 N. C. 506, 168 S. E. 835; Fidelity & Casualty Co. of New York v. Martin, 66 F. (2d) 438; Poncino v. Sierra Nevada Life & Casualty Co. 286 Pac. 729, 104 Calif. App. 671; Gaumnitz v. Indemnity Ins. Co. 37 Pac. (2d) 712, 2 Calif. App. 2d 134; Paltani v. Sentinel Life Ins. Co. 237 N. W. 392, 121 Nebr. 447, and many other cases. Recovery in each case was permitted because of ambiguity between the policy of insurance and its coverage.

The facts in the Hoover case were to the effect that the insured was accidentally killed by the wrecking of an automobile while he was riding as a passenger therein. Such automobile was then owned by a private company by which insured was employed. Such automobile was used by said employer for transportation of its employees from one location to another. Said automobile was at that time being driven by an agent of the employer, describing the automobile so driven. Part IV of the policy of insurance, under which plaintiff was permitted to recover, was as follows:

"By the wrecking of a private pleasure type automobile or horse-drawn-vehicle within which the insured is driving "or riding as a passenger, (excluding motorcycle and farm machinery) or while so driving or riding by being accidentally thrown from within such wrecked automobile or vehicle."

The Kansas City Court of Appeals said:

"Under the rule expressio unius, the phrase 'pleasure type automobile' used by defendant in its contract of insurance necessarily excluded all other types of motor vehicles. 13 C. J. 537; 17 C.J.S., Contracts, Sec. 312. But defendant was not content with use of a term which it contends is unambiguous and which excludes automobiles of the type in which insured was riding when killed. It went further and specifically excluded motorcycles and a whole class of automotive farm machinery which, we think, could not have been considered as coming under the classification of 'pleasure type automobile.' When the above rule is applied to the exclusion clause, it would seem that all automotive vehicles not specifically named and excluded are meant to be included in the coverage. Thus defendant has created an ambiguous contract which, to

the uninitiated in the law, might indicate that an insured would be protected against accidents while riding in almost any kind of a privately owned and operated automobile, of which the bus in question would be one. Having thus created an ambiguity, if none existed before adopting the exclusion clause, it might have fully clarified same by going further and excluding all automobiles it did not intend to cover. Its failure to do so left the contract ambiguous as to insured and plaintiff and we will construe it most strongly against the defendant.''

Plaintiff also cited, as above stated, Mackay v. Commonwealth Casualty Co., 34 S. W. (2d) 564, 224 Mo. App. 1100. That case was written by Cox, Presiding Judge of this Court. The Judge of the Circuit Court of Jasper County tried the case, upon an agreed statement of facts. It was an action for damages by the person named in the policy of insurance. Judge Cox said:

''The agreed statement of facts states: 'When said train came to a stop at said station, the plaintiff arose from her seat inside the car and walked out into the enclosed vestibule of said car with other passengers who were leaving the train. That plaintiff walked down the steps of said car leading from the vestibule for the purpose of alighting from said car and that said steps were designated by the railroad company as the place for passengers to leave the train. That when plaintiff stepped with one foot from the lower step of the car to the movable box provided by said railroad company for passengers to step upon before stepping down on the railroad station platform and while her other foot rested upon the lower step of said car and her hand grasped the handrail of said car, the movable box slipped causing plaintiff to fall on the pavement of the station platform and under the train by reason of which she was injured.'

''The clause of the insurance policy under which insured was permitted to recover, reads as follows:

'' 'While actually riding as a passenger in a place regularly provided for the transportation of passengers only within a railroad car, elevated, subway or interurban railroad car, street car or steam boat provided by a common carrier for passenger service.' ''

Judge Cox further said:

''It needs no citation of authorities to say that, in determining this question, all reasonable doubt must be resolved against the appellant. Of course, if the language of the policy is so clear as to leave no room ''for construction, then the courts must give to it the meaning which its plain language imports, but if, when applied to the facts of a given case, the language of the policy is reasonably susceptible of two meanings, one of which would render the company liable and the other release it, the courts must apply

that construction which will render the company liable. * * *."

We have carefully studied many other cases cited by respondent, including Smith v. Maryland Casualty Company, 246 N. W. 461, 63 N. D. 99, and other cases. The recovery in each case cited by respondent was permitted because of ambiguity between the particular policy of insurance and the several coverages.

We have carefully studied Paragraph (a), Section C, Part III, of the policy in this case, and are unable to find any ambiguity whatever in the policy. We cannot hold that a provision for liability, if insured met his death returning from his employment as a dragline operator in a 1950 Studebaker pick-up truck, then owned by deceased, conflicts ambiguously with any other section of the insurance policy. Some of the cases where ambiguity has been found have held that a pick-up truck was a passenger car; but some other use of such pick-up truck was found to justify such holding. All that appears in the agreed statement of facts is that the insured was returning from his employment in his own pick-up truck. It can as well be said that such return was a daily event and that he was using his pick-up truck in that manner at the time he met his death.

We have been unable to discover any ambiguity in the policy that would permit us to hold that insured met his death while driving a car of "private pleasure type." It results that the judgment for respondent must be reversed.

It is so ordered. *Vandeventer, P. J.*, and *McDowell, J.*, concur.