ZOLLIE S. MARSHALL v. WASHINGTON NATIONAL INSURANCE COMPANY.

(Filed 7 June, 1957.)

**1. Insurance § 13a—**

Where the language of an insurance policy is plain and unambiguous, extrinsic evidence as to the meaning of the language is not admissible, and, the facts not being in dispute, the question of its coverage is a question of law for the court.

**2. Insurance § 43b—**

A policy providing for benefits if insured should be killed in an accident while driving or riding in a private passenger car of the pleasure type, does not cover the risk of insured's death while driving a pick-up truck, notwithstanding this was the only vehicle owned by insured when the policy was issued, and notwithstanding the vehicle was used by insured solely as a passenger vehicle in going to and from work and for pleasure.

APPEAL by plaintiff from *Sink, E. J.,* at March, 1957, Civil Term of DURHAM.

*Daniel K. Edwards for plaintiff, appellant.*
*Reade, Fuller, Newsom & Graham for defendant, appellee.*

JOHNSON, J.  Civil action to recover on a policy of accident insurance.

At the close of the plaintiff's evidence the trial judge allowed the defendant's motion for judgment as of nonsuit. The single question

presented by the appeal is whether this ruling was correct. Decision turns on whether the insured's GMC pick-up truck was a "private passenger automobile of the pleasure type" within the meaning of the insurance policy sued on.

The policy provided for the payment of $2,000 to the beneficiary (the plaintiff) in case of accidental death of the insured, James C. Marshall, as a result of an injury sustained by the insured: ". . . (d) while riding or driving in a private passenger automobile of the pleasure type, provided 'such injury' so sustained must be the direct result of the wrecking of such automobile; . . ."

The insured's death resulted from injuries sustained in a motor vehicle wreck while the policy was in full force and effect. The insured was driving the vehicle which wrecked. It was a GMC pick-up type motor vehicle, owned by the insured. He acquired it before the insurance policy was issued and it was the only motor vehicle owned by him. He used it for going back and forth to his work, for pleasure purposes such as going on fishing trips and visiting relatives, and for carrying friends and relatives as passengers. The vehicle was not used for cargo hauling or for any commercial purpose. It had an enclosed cab, with seat for the driver and two other persons. Behind the cab there was an uncovered body 4½ feet long. The only seat was the one in the cab.

The insurance policy was issued for an annual premium of $6.00, and it had printed across its face: "Low Cost Accident Policy. . . . This Is a Limited Policy Read It Carefully."

The plaintiff contends that the use to which the vehicle in question was put is a material factor to be considered in determining whether it was a "private passenger automobile of the pleasure type" within the meaning of the policy. The defendant, on the other hand, urges, and we think with sound reason, that since the language of the insuring provision of the policy is plain and unambiguous, liability must be tested wholly and solely by the natural and obvious meaning of such language. The insured's truck does not come within the natural and obvious meaning of the language of the insuring provision of the policy. This being so, it is immaterial whether the truck was used by the insured as a passenger vehicle and for pleasure. The defendant had the right to prescribe the type of vehicle it desired and was willing to cover in this limited coverage insurance policy. The use to which the insured put the truck could not and cannot change the plain meaning of the language of the policy or extend its coverage. See *Bernice Lloyd, Admrx. v. Columbus Mutual Life Ins. Co.*, 200 N.C. 722, 158 S.E. 386; *Spence v. Washington Nat. Ins. Co.* (Ill.), 50 N.E. 2d 128; *Dirst v. Aetna Life Ins. Co.* (Iowa), 5 N.W. 2d 185. The cases cited by the plaintiff are either factually distinguishable or are not considered as controlling.

There being no dispute as to the material facts, the case presented only a question of law for decision by the court below; *i.e.*, whether the pick-up truck was a "private passenger automobile of the pleasure type" within the meaning of the policy. *Bernice Lloyd, Admrx. v. Columbus Mutual Life Ins. Co., supra.* The court below correctly resolved the question by allowing the defendant's motion for judgment as of nonsuit.

Affirmed.