**Wilber DETMER, Respondent,**

v.

**UNITED SECURITY INSURANCE<sup>•</sup> COMPANY, Appellant.**

No. 22700.

Kansas City Court of Appeals.

Missouri.

Feb. 3, 1958.

Roy A. Larson, Jr., Sprinkle, Knowles & Carter, Kansas City, for appellant.

Donald L. Mason, Kansas City, for respondent.

MAUGHMER, Commissioner.

This case was tried by the court without a jury. There was a finding and judgment for plaintiff in the sum of $865 on an automobile collision policy issued by defendant. The defendant has duly perfected an appeal and makes two assignments of error: (1) That a half-ton pickup is not a "private passenger automobile" within the meaning of its insurance policy and (2) the judgment is for an excessive amount.

The policy sued on was issued by defendant company to one Robert Burnett. It contained the following endorsement:

"Use of Other Automobiles.—Insuring Agreement 5. Collision or upset coverage as afforded by the policy with respect to a private passenger automobile, applies to a non owned private passenger automobile not otherwise insured for collision or upset, while being operated by the individual named as insured or spouse in the same household".

■ On October 15, 1955, plaintiff, Wilber Detmer, was riding in his 1954 half-ton Ford pickup. The insured Burnett was driving. Plaintiff, a carpenter, and Burnett were using the vehicle for "going back and forth to work". No freight, just personal carpenter tools, were at this time or had ever been, according to the testimony, hauled in the truck. Near Overland Park, Kansas, a collision occurred. Plaintiff testified, without objection, that after the collision his vehicle was "a total wreck". Three written estimates from automobile repair shops were, without objection, received in evidence. All three recited that the pickup "wasn't worth fixing". Plaintiff stated that he bought the automobile about October 1, 1955, paying $840, plus a $175 trade-in allowance for it. After the accident plaintiff and his brother-in-law made some repairs and he "still has it". The parties agreed that if defendant was liable, $50 of the loss was deductible. No other evidence as to the amount of damages was offered. The trial court apparently found the damages to be $915, from which $50 was deducted. We believe that such finding and judgment is supported by competent and substantial evidence and rule the second point against the defendant.

Plaintiff's Ford pickup had no collision coverage on it. The policy endorsement

set forth above covers automobiles, operated even though not owned by, the insured providing (1) the automobile has no collision coverage on it and (2) if it is a "private passenger automobile".

The vital question in this case is whether plaintiff's 1954 half-ton pickup truck was a "private passenger automobile" within the meaning of the policy. No evidence was offered as to the construction of this pickup or as to how such vehicles are commonly used. However, it is generally known that such half-ton pickups are adapted for and commonly used in part as passenger cars. Aetna Life Ins. Co. v. Bidwell, 192 Tenn. 627, 241 S.W.2d 595–596. That it was privately owned, had no collision coverage and carried passengers at the time of the collision is conceded. It is also clear that it was carrying nothing else except personal carpenter tools.

Defendant, in its brief, cites only one case namely La Fon v. Continental Cas. Co., 241 Mo.App. 802, 259 S.W.2d 425, 426, and asserts it is decisive. There the policy provision was " 'private pleasure type' automobile". The insured was a dragline operator, returning home from work in his 1950 Studebaker pickup truck. The Springfield Court of Appeals (Blair, J.) ruled there was no coverage. The opinion recites, 259 S.W.2d loc. cit. 429: "Some of the cases where ambiguity has been found have held that a pick-up truck was a passenger car; but some other use of such pick-up truck was found to justify such holding. All that appears in the agreed statement of facts is that the insured was returning from his employment in his own pick-up truck".

This case and ours have some similarity. One concerns a pickup of unknown size, with nothing shown as to its usual or general use. The other, according to the evidence, concerns a half-ton pickup used by plaintiff only for passenger car purposes in transporting himself and occasionally others to and from work. The insuring clauses use different language. One insures a "private passenger automobile" and the other insures a "private pleasure type automobile". To our minds these two cases are sufficiently dissimilar to leave us unpersuaded that our case should be ruled by the La Fon decision.

The Supreme Court of North Carolina discussed a similar question in Lloyd v. Columbus Mut. Life Ins. Co., 200 N.C. 722, 158 S.E. 386, 387. Here the insured was killed while pleasure. riding in a one and a half ton truck, adapted for and used principally for hauling milk. The coverage was against accidents while riding in a "private automobile of pleasure car type". The court held the facts presented "a bald proposition of law", that the car was a commercial vehicle and the accident was not covered. Apparently the vehicle involved here was a one and a half ton truck as distinguished from a pickup.

In Hoover v. National Casualty Co., 236 Mo.App. 1093, 162 S.W.2d 363, 364, our Court of Appeals construed the clause "private pleasure type automobile". The policy contained exceptions for motorcycles and farm machinery. The court ruled the policy ambiguous and approved a recovery.

In Aetna Life Insurance Co. v. Bidwell, supra [192 Tenn. 627, 241 S.W.2d 596], the Supreme Court of Tennessee affirmed a recovery where insured was killed while riding on a pleasure trip in a half-ton pickup truck. In this case the policy clause was "While—riding in—a private passenger automobile of the pleasure car type". However, the policy went further and expressly excluded motorcycles and mechanical devices for aviation. The company thereby impaled itself upon the well known rule that "that which is expressed puts an end to that which is implied". The court, however, after reviewing many cases, went further and declared, 241 S.W.2d loc. cit. 599: "* * * in determining the type of an automobile within the meaning of an insurance policy the general and common use to which a given automobile is put is a fact which should be considered when the policy is silent as to definition, as in the case

at bar. These decisions seem to represent the majority view. Our opinion is that they state a principle which is sound, and should, therefore, be applied.

"For the reasons stated, we think competent and material the undisputed evidence offered in this case to the effect that in this State pick-up trucks are generally and commonly used for pleasure purposes. As heretofore pointed out, they are passenger automobiles within the meaning of this policy".

In Poncino v. Sierra Nevada Life & Casualty Co., 104 Cal.App. 671, 286 P. 729, 730, the automobile involved was equipped with a delivery wagon body. The insured used it principally in going to and from work and carrying other workmen with him. The question was whether it could be classified as "a private passenger motor-driven car" within the meaning of that expression in the policy. The court held that in view of the evidence as to the type of car and the use to which it was put that it was a jury question and specifically said that "the manner in which a vehicle is used, as well as its construction, is an important factor in determining its character".

In Smith v. Maryland Casualty Co., 63 N.D. 99, 246 N.W. 451, 452, the policy covered an insured while riding in an automobile which was *not* "an automobile truck". Insured was riding in a Ford pickup, which he used to drive to and from his work and to transport his employees. The court observed that the policy itself does not define the term "automobile" and held that "Owing to the testimony introduced * * * and the purpose of the policy", it was a question for the jury to determine. In this case it is apparent again that evidence as to use was considered relevant to the question of classification when the word "automobile" was not defined in the policy.

It is, of course, defendant's theory that the half-ton Ford pickup is a truck rather than a passenger automobile. In 60 C.J.

S. Motor Vehicles § 4, p. 113, we find this definition: "An automobile truck is an automobile for transporting heavy loads; a vehicle for conveyance for commercial purposes over ordinary roads; and the average type of that kind of vehicle is especially designed both in its propelling mechanism and in its body construction for that function". The footnote cites Gaumnitz v. Indemnity Ins. Co., 2 Cal.App.2d 134, 37 P. 2d 712-713-714. There the exclusion was "automobile truck". The insured was killed while riding in a "light Ford pickup automobile". The court ruled the question was one of fact, was properly presented to the jury and the Ford pickup was not an "automobile truck" so as to defeat liability under the policy. In part, the opinion reads: "A truck, as that term is employed in the exemption clause of the policy, evidently refers to an automobile designed to carry heavy inanimate loads of produce or materials as distinguished from a 'pickup cab,' which is constructed and intended to convey only light loads. * * * In the case of Paltani v. Sentinel Life Ins. Co., 121 Neb. 447, 237 N.W. 392, the term 'truck' is defined as 'a wheeled vehicle for carrying heavy weight; an automobile for transporting heavy loads.' * * * Certainly a light Ford pickup cab, with a maximum capacity of only 1,000 pounds which is used by an electrician or mechanic to transport the light tools with which he is employed, or which is used to convey light loads, or for family convenience or pleasure, may not be said to be an 'automobile truck' ".

The United States Court of Appeals, Ninth Circuit, considered a provision identical with ours in Fidelity & Casualty Co. of New York v. Martin, 66 F.2d 438, 440. There the coverage was while riding in "a 'private passenger automobile'," but excluding motorcycles and automobile trucks. The insured was riding in a Ford roadster pickup body, classified as a commercial car. It was used for both pleasure and business. In its opinion the court said: "We see no escape from the proposition that under the

evidence the question was one of fact". Here again use was held to be a material factor and evidence as to use was ruled both relevant and competent.

■ Contracts, and especially insurance contracts, are construed, where the language used leaves room for construction, against the composer of the contract and against the insurance corporation as the author of the policy. In Hoover v. National Casualty Co., supra, 162 S.W.2d loc. cit. 365, this court said: " 'The policy should be construed in favor of the insured so as not to defeat a claim of indemnity, which he intended to secure, and which the insurer intended that he should have by virtue of its policy * * * Its language is to be construed so as to effectuate the insurance and not so as to defeat it' ", and cases cited therein.

The Springfield Court of Appeals in Mackay v. Commonwealth Casualty Co., 224 Mo.App. 1100, 34 S.W.2d 564, phrased it this way: "Of course, if the language of the policy is so clear as to leave no room for construction, then the courts must give to it the meaning which its plain language imports, but if, when applied to the facts of a given case, the language of the policy is reasonably susceptible of two meanings, one of which would render the company liable and the other release it, the courts must apply that construction which will render the company liable".

The Supreme Court of North Dakota in Smith v. Maryland Casualty Co., supra, approved the same rules of construction in rather emphatic language: "The exceptions 'are construed most strongly against the insurer, and liberally in favor of the insured. This is now the settled rule for construing all kinds of insurance policies, rendered necessary, especially in modern times, to circumvent the ingenuity of the insurance companies in so framing contracts of this kind as to make the exceptions unfairly devour the whole policy', (citing cases).

"It is a matter of common knowledge that such policies are prepared by men learned in the law, trained in preparation of such contracts, and who have studied the 'legal effects of all multifarious provisions'; while the insured are generally those who are not given to considering doubtful provisions in such contracts, and assume the policy is of a character discoverable by a casual examination".

The ultimate question in the determination of this case is whether or not the implied finding of fact by the trial judge that the plaintiff was riding in a "private passenger automobile" is without substantial evidence to support it. If, under the policy provision this ultimate issue is one of fact, then since the decision of the trial court is supported by substantial evidence, it should be approved. On the other hand, if it is sure and clear that the coverage clause, standing alone or in the light of the evidence, excludes this pickup and this accident, then its application becomes a matter of law and plaintiff cannot recover.

■ It is our opinion and the cases cited herein support such belief, that in each case the ultimate question to be determined is one of fact—that is, was the automobile within the meaning of the policy, a "private passenger automobile"? Was it a motor vehicle designed and commonly used for and was it actually being used for transporting passengers? In order to determine this ultimate question, evidence as to the construction of the vehicle, how such vehicle was commonly used, and how it was being used is competent and material. Probably in some instances the evidence would be so overwhelming, as with a tractor-trailer or a sports convertible, as to make determination of that fact a question of law. Interpretation of this and similar phrases has created doubt in the minds of judges as to exactly what vehicles were encompassed thereby. If the insurer desired to eliminate such doubt as to half-ton pickups it could do so by an appropriate but definite exemp-

tion clause in the policy. In the meantime and under the evidence presented in this case, we resolve such doubt against the insurer and rule the issue to be a question of fact. We think the evidence as to the immediate and past use of this half-ton pickup, plus the fact that it is generally known that such vehicles are commonly used as "passenger automobiles" amounts to substantial evidence and justifies the finding of the trial court that in this instance the automobile involved was a "private passenger automobile" within the meaning of the policy.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the court.

All concur.