GLADNEY, Judge.
Plaintiff’s suit is for the recovery of stipulated benefits in an insurance policy which insured her husband, Rel Gray, who met his death on July 27, 1960, through accidental means. The defendant insurer filed an exception of no cause of action, which was, after hearing, sustained by the trial court. This appeal is from the judgment rendered.
On January IS, 1947, the defendant company issued its policy to Rel Gray, wherein it agreed to pay to Mary Alice Gray, plaintiff herein, the sum of $1,000 if the insured lost his life while a passenger in a private automobile of the exclusively pleasure type. The policy was in effect when the insured met his death while a guest passenger in a pick-up truck, of less than 1,500 pounds capacity, owned and operated by Ed Williams, an instructor at Louisiana Polytechnic Institute at Ruston. Plaintiff’s petition alleges:
“ * * * that said truck was not used in any business of whatever nature or kind, and said truck is classified by the Louisiana Casualty Insurance Rating Bureau and by the casualty insurance companies doing business within the State of Louisiana as a private passenger automobile, and is defined by said Louisiana Casualty Insurance Rating Bureau and by the insurance companies operating within the State of Louisiana in its Manual of Automobile Insurance setting out rules and rates as a private passenger automobile in words and figures as follows, to-wit:
“ ‘Page 15
“ ‘Private Passenger Automobile Section
“ ‘Definition
“ ‘A private passenger automobile is a motor vehicle of the private passenger, station wagon or jeep type.
“‘Note — A motor vehicle with a pick-up body, a delivery sedan or a panel truck with load capacity of 1,500 pounds or less owned by an individual, or husband and wife who are residents of the same household, and not customarily used in the occupation, profession or business of the insured other than in the course of driving to and from work shall be classified and rated as a private passenger automobile. Use in the occupation of farming shall not disqualify risks as a private passenger automobile.’ ” (Emphasis supplied.)
The policy provision which prescribes defendant’s liability is found in Part IV (a), providing indemnity if the insured shall:
"By the wrecking or disablement of a private automobile of the exclusively pleasure type or a private horse-drawn vehicle of the exclusively pleasure type, within which the Insured is riding or driving, provided that the Insured is not operating such automobile or vehicle while carrying passengers for hire or transporting merchandise for a business purpose (but this exception shall not apply to a commercial traveler, buying or selling goods from sample for future delivery only), and provided that such automobile or vehicle is not being used for a criminal purpose or to escape the consequence of an illegal or criminal use or arrest by vested authority; * * * ” (Emphasis supplied.)
As pointed out by able counsel for appellant, the sole question presented on the appeal is whether or not a pick-up truck is susceptible of classification as a private automobile of the exclusively pleasure type. No contention of ambiguity in the language of the policy has been made, either as to clause IV(a) as quoted above, or when said clause is read in connection with other parts of the policy affecting coverage. Appellant’s counsel argues that inasmuch as Ed Williams used said vehicle exclusively for *225 his own pleasure and convenience, it was, therefore, within the policy coverage.
The LSA-Civil Code of Louisiana in Section S of Chapter 3 of Title IV (Articles 1945-1962), under the heading “Of The Interpretation of Agreements” has set down for the guidance of the judiciary certain sound and reasonable rules. These, inter alia, provide that: “Courts are bound to give legal effect to all * * * contracts according to the true intent of all the parties”, and such “intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.” Further, “All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act.” When a clause is susceptible of two interpretations, it must be understood in that sense in which it may have some effect, rather than in a sense which would render it nugatory, and only in doubtful cases will the agreement be interpreted against the party who contracted the obligation. In obedience to these Codal articles the appellate courts of this state recognize as a rule of law receiving universal acceptance that all ambiguities must be construed in favor of the insured and against the insurer.
Forasmuch as a determination thereof is immaterial, we pretermit deciding whether or not a pick-vip tni-ck with load capacity of less than 1,500 pounds is a private passenger automobile within the contemplation of the Louisiana Casualty Insurance Rating Bureau and as defined by the Manual of Automobile Insurance, setting out rules and rates to be followed by certain casualty and insurance companies doing business in the State of Louisiana, and we turn to the crucial question presented, that is, whether such a pick-up truck is of the “exclusively pleastire type.1’
The legal issue so presented appears to be of first impression in our jurisprudence for we have not been referred to any analogous Louisiana decision. Such an is-' sue has, however, received consideration by the appellate courts ’of other states. Fidelity & Casualty Co. of New York v. Martin, 9 Cir., 1933, 66 F.2d 438; Gaumnitz v. Indemnity Ins. Co., 1934, 2 Cal.App.2d 134, 37 P.2d 712; Poncino v. Sierra Nevada Life & Casualty Co., 1930, 104 Cal.App. 671, 286 P. 729; Spence v. Washington National Ins. Co., 1943, 320 Ill.App. 149, 50 N.E.2d 128; Dirst v. Aetna Life Ins. Co., 1942, 232 Iowa 910, 5 N.W.2d 185; La Fon v. Continental Cas. Co., 1953, 241 Mo.App. 802, 259 S.W.2d 425; Hoover v. National Casualty Co., 1942, 236 Mo.App. 1093, 162 S.W.2d 363; Mackay v. Commonwealth Casualty Co., 1931, 224 Mo.App. 1100, 34 S.W.2d 564; Stewart v. North American Accident Ins. Co., Mo.App.1931, 33 S.W.2d 1005; Paltani v. Sentinel Life Ins. Co., 1931, 121 Neb. 447, 237 N.W. 392; Marshall v. Washington National Ins. Co., 1957, 246 N.C. 447, 98 S.E.2d 345; Conyard v. Life & Casualty Ins. Co., 1933, 204 N.C. 506, 168 S.E. 835; Smith v. Maryland Casualty Co., 1933, 63 N.D. 99, 246 N.W. 451; Aetna Life Ins. Co. v. Bidwell, 1951, 192 Tenn. 627, 241 S.W.2d 595. Many of the cases dealt with the question of whether a pick-up truck fell within the phrase “pleasure type automobile”. In every instance where judgment was rendered against the insurer, the decree was predicated on an ambiguity between the policy and the clause under which the insured or the policy beneficiary sought a recovery. Such holdings are in conformity with the jurisprudence of the courts of this state holding adversely to the insurer where the language of the policy is reasonably susceptible of two meanings, one of which would render the company liable and the other release it. In other cases which have arisen where there was no ambiguity but the language of the policy was so clear as to leave no .room for construction, the courts have given a meaning to the phraseology in question which its plain language imparts. See: Spence v. Washington National Ins. Co., 1943, 320 Ill.App. 149, 50 N.E.2d 128; Dirst v. Aetna Life Ins. Co., 1942, 232 Iowa 910, 5 N.W.2d 185; *226 La Fon v. Continental Cas. Co., 1953, 241 Mo.App. 802, 259 S.W.2d 425; Marshall v. Washington National Ins. Co., 1957, 246 N.C. 447, 98 S.E.2d 345.
In Spence v. Washington National Ins. Co. [320 Ill.App. 149, 50 N.E.2d 129] the coverage attached to the insured while riding in “any private passenger type automobile of the exclusively pleasure type (motorcycles excepted)”, which language was held to be free from ambiguity and the court expressly held that the use to which the vehicle is put is immaterial, commenting that if importance should be attached to use, “the insured might then ride in a tractor * * * and call it, as to him, a passenger automobile.” In Aetna Life Ins. Co. of Hartford, Conn. v. Bid-well, supra, in discussing the Spence v. Washington National Ins. Co. case, the Supreme Court of Tennessee stated:
“By the use of the expression ‘exclusively pleasure type’ it is necessarily implied that at least the insurance company drafting that contract was of the opinion that there are passenger automobiles of the pleasure type as distinguished from those exclusively of such type.
“Under the immediately above stated view of the matter, it would follow that in a policy where the word ‘exclusively’ is omitted, then the expression ‘of the pleasure car type’ is ambiguous and evidence as to the common use of a given type passenger automobile for pleasure purposes would be material to the question of whether that particular type passenger automobile may be reasonably considered as one of a pleasure type, if the policy furnishes no definition.” [192 Tenn. 627, 241 S.W.2d 598.]
It is interesting to note the holding in Kentucky Home Life Ins. Co. v. Dyer, 1937, 105 Ind.App. 176, 11 N.E.2d 55, 57. In that case the insuring clause provided coverage for death or disability caused by the “wrecking of any private automobile, motor driven car (motor cycles excepted) or horse-drawn vehicle of the exclusively pleasure type.” The insurer was held liable for the death of the insured when his automobile, which allegedly was not "of the exclusively pleasure type” collided with a railroad freight train, since “of the exclusively pleasure type” related to and qualified only its nearest antecedent— “horse-drawn vehicle.” In the instant policy the words “exclusively pleasure type” expressly qualify its antecedent, private automobile.
We have not been able to discover any ambiguity in the policy that would permit us to hold that the insured who met his death while riding in a pick-up truck of less than 1,500 pounds capacity, was riding in a private automobile of the “exclusively pleasure type.”
The judgment from which appealed is affirmed at appellant’s cost.