**Myrtle BROWN, Appellant,**

v.

**BANKERS LIFE AND CASUALTY COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 19, 1975.

G. E. Reams, Harlan, for appellant.

Gayle G. Huff, Rice & Huff, Harlan, for appellee.

CULLEN, Commissioner.

This appeal is from a judgment on the pleadings by the circuit court in favor of the appellee, Bankers Life and Casualty Company, in an action by the appellant, Myrtle Brown, as the named beneficiary of a $10,000 personal accident policy of insurance issued by the appellee to George Brown, the appellant's husband, who was fatally injured while operating a pick-up truck. The salient issue on appeal is whether the language "any private passenger automobile of pleasure design" as used within the policy excludes a "pick-up truck" from policy coverage. Our conclusion is that it does.

The rules regarding the interpretation of an insurance policy in this state have long included one that allows phrases or words that are ambiguous, doubtful, or equivocal to be construed "most strongly against the insurer and most liberally in favor of the insured, so that the purpose for which the insurance was obtained may be effectuated. *General Accident Fire and Life Assurance Corp. Limited v. Louisville Home Telephone Co.,* 175 Ky. 96, 193 S.W. 1031, L.R.A.1917D, 682, 952 (1917). On the other hand, this court has held repeatedly that the language of an insurance contract which is clear and unambiguous cannot be construed or interpreted most strongly against the insurer, disregarding a plain, easily understood clause exempting the insurer from liability. *Interstate Business Men's Acc. Ass'n of Des Moines, Iowa v. Atkinson,* 165 Ky. 532, 177 S.W. 254, L.R.A.1915E, 656 (1915). Another rule of interpretation frequently applied to words in an insurance policy is that they should be given their "ordinary and usual" meaning. *Buckingham Life Insurance Company v. Winstead,* Ky., 454 S.W.2d 696, 697 (1970).

In construing the language of the policy in the instant case we have given consideration to the decisions of courts of other states, some of which are annotated in 38 A.L.R.2d at pages 867 to 886, involving wording substantially similar to that here in question and similar fact situations. Those cases, and the policy language, are as hereinafter noted. *Lloyd v. Columbus Mutual Life,* 200 N.C. 722, 158 S.E. 386 (1931) "private automobile of the pleasure car type"; *Dirst v. Aetna Life Insurance Co.,* 232 Iowa 910, 5 N.W.2d 185 (1942) "passenger automobile of the pleasure car type"; *Spence v. Washington National Insurance,* 320 Ill.App. 149, 50 N.E.2d 128 (1943) "private passenger type automobile of the exclusively pleasure type"; *Pennell v. United Insurance Co.,* 150 Tex. 541, 243 S.W.2d 572 (1951) "private passenger automobile exclusively of the pleasure car type"; *La Fon v. Continental Casualty Co.,* 241 Mo.App. 802,

259 S.W.2d 425 (1953) "private pleasure type automobile"; *Marshall v. Washington National Insurance Co.,* 246 N.C. 447, 98 S.E.2d 345 (1957) "private passenger automobile of the pleasure type"; *Gray v. North American Company for Life, Accident and Health Insurance,* La.App., 128 So.2d 223 (1961) "private automobile of exclusively pleasure type"; *Laraway v. Heart of America Life Insurance Co.,* 153 W.Va. 70, 167 S.E.2d 749 (1969) "private automobile of the private passenger design designed primarily for transporting persons."

Among these cases there seems to be a general agreement that the phrase "private passenger automobile" when further modified by words such as "pleasure type or design" is not ambiguous and clearly excludes a pick-up truck.

We find only one case where the court construed the words "private passenger automobile of the pleasure car type" to include a pick-up truck. *Aetna Life Insurance Company of Hartford, Connecticut v. Bidwell,* 192 Tenn. 627, 241 S.W.2d 595 (1951). In that case the Supreme Court of Tennessee took judicial notice that pick-up trucks are commonly used in that state as passenger vehicles for pleasure purposes, and looked to such *use* of the vehicle in its interpretation of the policy language. We feel, however, that the word "design" in the instant policy clearly has reference to *form* or *structure* of the vehicle as opposed to its *use.* This restriction as to "design" plainly excludes a truck which is made as a work vehicle in a work design and not as a pleasure vehicle in a pleasure design.

Our construction of the policy in the instant case is consistent with *Senn's Administratrix v. Michigan Mutual Liability Co.,* Ky., 267 S.W.2d 526 (1954) where the words "automobile of the private passenger type" were held not to include a sedan with no rear seats that was used as a delivery vehicle and was commercially owned, although the vehicle might have been used occasionally to haul passengers. There is no conflict with *Life and Casualty Insurance Company of Tennessee v. Metcalf,* 240 Ky. 628,

42 S.W.2d 909 (1931), or with *Buckingham Life Insurance Co. v. Winstead,* Ky., 454 S.W.2d 696 (1970), because in those cases the word "automobile" and the words "private motor driven automobile," held to include a truck, were not qualified by further words restrictive as to type or design.

The judgment is affirmed.

All concur except LUKOWSKY, J., who did not sit.