ÆTNA LIFE INS. CO. OF HARTFORD, CONN. *v.* BIDWELL.

(*Nashville,* December Term, 1950.)

Opinion filed June 16, 1951.

Louis Farrell, Jr. and Jack Norman, both of Nashville, for appellant.

Denney, Leftwich & Glasgow, of Nashville, for appellee.

Mr. Justice Tomlinson delivered the opinion of the Court.

Mrs. Thacker was accidentally killed while riding on a pleasure trip in a one-half ton pick-up truck. She had an accident insurance policy issued to her, a resident of Tennessee, by the Ætna Life Insurance Company. That policy agreed to pay the beneficiary therein named a specified amount if the insured is accidentally killed "while—riding in—a private passenger automobile of the pleasure car type". The policy provided that the term "automobile" as used therein should not "include a motorcycle or any vehicle or mechanical device for aerial navigation".

The question presented by this lawsuit is whether this one-half ton pick-up truck was "a private passenger automobile of the pleasure car type" within the meaning of the policy. There is affirmative evidence, if such evidence is competent, that pick-up trucks are commonly used in this State as a passenger vehicle for pleasure purposes. This fact is so generally known that this Court takes judicial knowledge of it.

The Circuit Judge to whom the case was submitted without a jury concluded, without writing an opinion, that the Insurance Company is liable under the terms of the policy. The Court of Appeals in a well considered opinion agreed with that conclusion. The company's petition for certiorari was granted. The question has been ably briefed and argued but without citation to any Tennessee decision—nor have we been able to find one—on the question stated.

If the question stated is one of fact, about which minds may reasonably disagree, the conclusion reached

here, if supported by any material evidence, is final. This Court is bound by "all inferences and conclusions reasonably drawn" from any material evidence in the record; *Conaway* v. *New York Life Ins. Company*, 171 Tenn. 290, 295, 102 S. W. (2d) 66, 68. On the other hand, if there be no ambiguity as to the meaning of that language of the policy upon which depends the answer to the question stated, then the applicability of this policy to this accident is a question of law.

The exclusion clause in this policy expressly states that a motorcycle and an aeroplane shall not be considered an automobile within the meaning of the policy. It would never have occurred to the average mind, that is, to the general public, that a motorcycle or an aeroplane would reasonably come within the meaning of an automobile. Therefore, when the insurer who prepared this contract expressly excluded these two vehicles from the definition of an automobile within the meaning of this policy it would seem to logically follow that the insurer did not intend for pick-up trucks to come within the exclusion under the well known rule that "that which is expressed puts an end to that which is implied". *Wood* v. *Polk*, 59 Tenn. 220, 230.

Quite applicable here is the Pennsylvania case of *Koser* v. *American Casualty Company*, 162 Pa. Super. 63, 56 A. (2d) 301, 303. In that case the question involved was whether a tractor is an automobile within the meaning of that word as used in the policy there under consideration. That policy contained an exclusion clause identical to the exclusion clause in the policy with which we are here dealing. The Court there said: "When the Defendant, in said clause 10, excluded motorcycles and any vehicle or mechanical device for aerial navigation, they included every other kind of automobile."

Likewise applicable as to the effect of this exclusion clause is the Missouri case of *Hoover* v. *National Casualty Company*, 236 Mo. App. 1093, 162 S. W. (2d) 363, 365. There the coverage was for an accident while riding in "a private pleasure type automobile . . . as a passenger, (excluding motorcycle and farm machinery)". The Court in discussing the effect of this exclusion clause in the construction of the policy held this: "It (the insurer) went further and specifically excluded motorcycles and a whole class of automotive farm machinery which, we think, could not have been considered as coming under the classification of 'pleasure type automobile.' When the above rule is applied to the exclusion clause, it would seem that all automotive vehicles not specifically named and excluded are meant to be included in the coverage."

Our opinion is that on principle, and under the *expressio unius* rule, and under the persuasive decisions from other jurisdictions hereinabove discussed, it must be concluded that the pick-up truck in which the insured in the case at bar was riding was a passenger automobile within the meaning of the policy with which we are dealing.

That said hereinabove brings consideration of this case to the question of whether this pick-up truck may reasonably be construed as being a "pleasure car type" passenger automobile within the meaning of this policy, it being generally and commonly used for pleasure purposes. Respondent so insists. Petitioner insists that there is no reasonable basis for such a construction. It says that the expression "pleasure car type" is free of ambiguity and that, therefore, the fact that such a truck is commonly used in this State as a passenger car for pleasure purposes cannot be considered. Its insist-

ence is that "the type of classification of a motor vehicle is distinct from, and unrelated to, its use".

Petitioner cites in support of its above stated insistence *Lloyd* v. *Columbus Mutual Life Insurance Company*, 200 N. C. 722, 158 S. E. 386, and *Dirst* v. *Aetna Life Ins. Co.*, 232 Iowa 910, 5 N. W. (2d) 184. *Spence* v. *Washington Nat. Ins. Co.*, 320 Ill. App. 149, 50 N. E. (2d) 128 is also a decision practically identical with these North Carolina and Iowa cases.

In the North Carolina case, supra, coverage was against accidents while riding in a "private automobile of the pleasure car type". [200 N. C. 722, 158 S. E. 387.] The insured was killed while pleasure riding in a one and one-half-ton Ford truck used principally for hauling milk. The Court held that the facts presented "a bald proposition of law" and that "manifestly, the truck in which plaintiff's intestate was riding at the time of his death was by intention, use, and construction a commercial vehicle, and so classified by the North Carolina statute". It held that the accident did not come within the policy.

While it cannot be said that the conclusion of the North Carolina Court was based entirely upon its statute classifying motor vehicles, it must be said that the Court attached material importance to that statute in reaching the conclusion that as a matter of law this truck could not be classified as a "pleasure car type" automobile. The Iowa and Illinois cases, supra, in referring to the North Carolina case as persuasive authority, likewise referred to their statutes of similar import. In Tennessee the classification given to motor vehicles by statutes enacted for the regulation and taxing of such vehicles does not apply in ascertaining the terms of an insurance contract. *Moore* v. *Life and Casualty Insur-*

*ance Co.*, 162 Tenn. 682, 40. S. W. (2d) 403. Therefore, there was applied in those cases a rule of law not applicable in this State.

The policy furnishes no criterion by which an insured may be guided in determining whether the passenger automobile in which that insured is riding for pleasure is a passenger automobile of a "pleasure car type" within the meaning of the policy. Obviously, some logical test must be applied in ascertaining whether a given passenger automobile is a "pleasure car type" within the meaning of the policy. On principle, one logical test would seem to be whether the passenger automobile in question is commonly and generally used for pleasure purposes in the State where the insurance contract was made and is effective.

In *Spence* v. *Washington Nat. Insurance Co. (Ill.)* supra, the coverage stated in the policy was while riding in "any private passenger type automobile of the *exclusively* pleasure type (motorcycles excepted)"; [320 Ill. App. 149, 50 N. E. (2d) 129] (emphasis added). By the use of the expression *"exclusively* pleasure type" it is necessarily implied that at least the insurance company drafting that contract was of the opinion that there are passenger automobiles of the pleasure type as distinguished from those exclusively of such type.

Under the immediately above stated view of the matter, it would follow that in a policy where the word "exclusively" is omitted, then the expression "of the pleasure car type" is ambiguous and evidence as to the common use of a given type passenger automobile for pleasure purposes would be material to the question of whether that particular type passenger automobile may be reasonably considered as one of a pleasure type, if the policy furnishes no definition.

Contrary to the thought just stated, *Spence* v. *Washington Nat. Insurance Company (Ill.)* supra, holds that the use to which the vehicle is put is immaterial, and that if importance is attached to use, the "insured might then ride in a tractor . . ., and call it, as to him, a passenger automobile". But in *Koser* v. *American Casualty Company*, 162 Pa. Super. 63, 56 A. (2d) 301, 302, the Court held that a Farmall tractor was an automobile within the meaning of that term as used in an accident insurance policy because the policy in question excluded motorcycles and aeroplanes, and in doing so said this:— 'The Defendant was familiar with the wide use of tractors by farmers, . . . and if it considered it to be a more dangerous instrumentality than an automobile, as the term is commonly used, it could have excluded them" also. So, in the view of the Pennsylvania Court evidence of use is relevant in determining classification.

In *Poncino* v. *Sierra Nevada Life & Casualty Co.*, 104 Cal. App. 671, 286 P. 729, 731, the automobile involved was registered as a commercial motor vehicle, it being equipped with a body similar to those used in delivery wagons. The insured used it in going to and from work and carried other workmen with him. The question was whether it could be classed as "a private passenger motor-driven car" within the meaning of that expression in the policy. The Court held that in view of the evidence above stated a jury question was made and said that "the manner in which a vehicle is used, as well as its construction, is an important factor in determining its character".

In *Smith* v. *Maryland Casualty Co.*, 63 N. D. 99, 246 N. W. 451, the insurance applied when riding in an automobile which is *not* "an automobile truck". Insured was riding in a Ford pick-up, and used it to drive to and from

his work and to transport his employees. The Court, after observing that the policy itself does not define the term "automobile", held that *"owing to the testimony introduced . . . and the purpose of the policy"*, (emphasis supplied) it was a question for the jury to determine. Here again use was considered relevant to the question of classification, the word "automobile" not being defined by the policy.

In *Hoover v. Nat. Casualty Co.,* 236 Mo. App. 1093, supra, 162 S. W. (2d) 363, the insured was covered when riding in a "private pleasure type automobile . . . excluding motorcycle and farm machinery". The vehicle in question was carrying twenty-three employees of a company to whom the vehicle belonged. Under the Missouri statute an automobile having a seating capacity of more than eight people is classified "as a commercial type car". It was insisted that this statute must be read into the contract. The Court held otherwise, saying that "defendant rendered its contract ambiguous and uncertain by adding the exclusion clause". By recalling the pertinent language and exclusions of the policy in the case at bar, it will be readily recognized that there is very little difference between our case here and this Missouri case. Again, the use to which the car was put was considered relevant.

In *Fidelity and Casualty Company of New York* v. *Martin,* 10 Cir., 66 F. (2d) 438, 439, the coverage was while riding in "a private passenger automobile", but excluding a motorcycle and automobile truck. The insured was riding in a Ford roadster, pick-up body, classified as a commercial car. It was used both for pleasure and for business. The Court said:—" We see no escape from the proposition that under the evidence the question was

one of fact''. So, again, use was held to be a material factor.

■ The North Carolina, Illinois and Iowa cases, supra, are not parallel with the case at bar, as heretofore observed, because of the application of their respective tax and regulation statutes in determining type of motor vehicles. The remaining decisions hereinbefore mentioned and discussed clearly hold that in determining the type of an automobile within the meaning of an insurance policy the general and common use to which a given automobile is put is a fact which should be considered when the policy is silent as to definition, as in the case at bar. These decisions seem to represent the majority view. Our opinion is that they state a principle which is sound, and should, therefore, be applied.

■ For the reasons stated, we think competent and material the undisputed evidence offered in this case to the effect that in this State pick-up trucks are generally and commonly used for pleasure purposes. As heretofore pointed out, they are passenger automobiles within the meaning of this policy.

■ It follows that the conclusion of the Circuit Court concurred in by the Court of Appeals to the effect that the insured was riding in a passenger automobile of the pleasure car type within the meaning of this policy when this accident occurred is a reasonable conclusion based upon material evidence. This Court is, therefore, bound thereby.

The risk intended to be incurred by the issuance of this policy was that of an accident occurring to the insured while riding in a passenger automobile of a pleasure type. We are not able to see how that risk is increased in the slightest by riding in a pick-up truck

instead of a coupe, for instance. Hence, the result reached in this case comes within the intent and spirit of the contract. That very material fact strongly supports the conclusion reached.

Affirmed.

All concur.