DOROTHY LEE BEELER, B.N.F., Plaintiff in Error, v. PENNSYLVANIA THRESHERMEN AND FARMERS INSURANCE COMPANY, Defendant in Error.— 346 S. W. (2d) 457.

Eastern Section.   November 1, 1960.

Certiorari Denied March 10, 1961.

Jack D. McKeehan, Knoxville, for plaintiff in error.

Frank H. Marsh, Knoxville, for defendant in error.

McAMIS, P. J.   The policy here in suit provides medical coverage for a member of the insured's family

made necessary by reason of bodily injuries accidentally sustained "while occupying or being struck by an automobile" but containing the following exclusion:

"This policy does not apply * * * to bodily injury * * * while occupying or being struck by a vehicle operated on rails or crawler-treads or a farm type tractor or other equipment designed for use principally off public roads, while not upon public roads."

The plaintiff, while a member of the family of the named insured, was accidentally injured while operating the motorcycle of a third person not named as an insured. As a result of the accident plaintiff incurred medical expenses in excess of $2,000, the policy limit. This suit was instituted to recover the policy limit.

The trial court, sitting without a jury, dismissed the suit under the authority of Moore v. Life & Casualty Insurance Company, 162 Tenn. 682, 40 S. W. (2d) 403; McDonald v. Life & Casualty Insurance Company, 168 Tenn. 418, 79 S. W. (2d) 555; and Aetna Life Insurance Company of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S. W. (2d) 595. Plaintiff has appealed insisting that, under the doctrine of expressio unius est exclusio alterius, the insurer, by naming certain vehicles in the exclusion clause, by implication limited the exclusion to the vehicles so named, so that a motorcycle is not excluded under the term "automobile".

In the Moore case it was held that, given its usual, natural and ordinary meaning, "automobile" means a motor-driven vehicle mounted on four wheels and does not include a motorcycle within the meaning of an accident insurance policy providing benefits in event of death "caused by collision of or by any accident to any

horse-drawn vehicle or private motor-driven vehicle''. The Court there said:

''Motorcycles and traction engines are not automobiles but they may be so classified by legislative enactment for purposes of regulation, as indicated by the text above quoted, and in construing such acts the courts in their endeavor to discover the legislative intent look to the Act and its context, as was done in State v. Freels [136 Tenn. 483, 190 S. W. 454].''

After observing that in the construction of contracts the words used by the parties to express their intention are to be given their natural and ordinary meaning and citing cases from other jurisdictions holding that insurance policies using expressions like ''motor driven car'' exclude motorcycles, the Court in that case said:

''As said by the North Carolina court, it is a matter of common knowledge that in ordinary conversation a motorcycle is not referred to as an automobile or as a car, and it would do violence to reason and the ordinary acceptation of the meaning of words—which are but means to convey ideas—to extend the provisions of this policy to motorcycles where the coverage is limited to automobiles.''

In the McDonald case, the holding of the Moore case was reiterated and somewhat extended to hold that even though there was a side car attached to the motorcycle its operation was excluded by the term ''motor-driven car.''

In Aetna Life Insurance Co. of Hartford, Conn. v. Bidwell, 192 Tenn. 627, 241 S. W. (2d) 595, 596, as in this case, there was involved the interpretation of an exclu-

sionary clause. The policy provided for death benefits if the insured should be accidently killed "while—riding in—a private passenger automobile of the pleasure car type" but provided that the term "automobile" should not "include a motorcycle or any vehicle or mechanical device for aerial navigation."

The insured was killed while riding on a pleasure trip in a half ton pick-up truck. In a well reasoned opinion by Mr. Justice Tomlinson it was held that under the rule of expressio unius, by expressly providing that "automobile" should not include motorcycles or aeroplanes, the insurer by implication eliminated from the exclusion a vehicle which as a matter of common knowledge was widely used for pleasure purposes. The Court said:

"The exclusion clause in this policy expressly states that a motorcycle and an aeroplane shall not be considered an automobile within the meaning of the policy. It would never have occurred to the average mind, that is, to the general public, that a motorcycle or an aeroplane would reasonably come within the meaning of an automobile. Therefore, when the insurer who prepared this contract expressly excluded these two vehicles from the definition of an automobile within the meaning of this policy it would seem to logically follow that the insurer did not intend for pick-up trucks to come within the exclusion under the well known rule that 'that which is expressed puts an end to that which is implied.' Wood v. Polk, 59 Tenn. 220, 230."

The language relied upon by plaintiff in this case simply limits the coverage by providing that a person riding upon, or struck by a vehicle operated on rails or crawler-treads or a farm type vehicle or other equip-

ment not designed for, and not being operated at the time of injury, upon a public road shall not be covered by the policy. The exclusion here in question is more in the nature of a limitation upon the activities covered and the place where the offending vehicles must be in operation to bring the injured person within the protection of the policy. For example, a person riding upon or struck by a vehicle being operated on rails or not operated on a public highway would not be covered. The exclusionary clause in this policy does not attempt to limit the meaning of the term "automobile".

The maxim of "exclusio unius" is not a rule of law but merely an aid to construction in the field of statutory construction. It is subject to exceptions and is applicable only on certain conditions. It should not be used to create an ambiguity or to contradict a clear expression of intent or carried beyond the reason for its creation. 50 Am. Jur. 240 and cases cited footnotes 1960 Supplement.

In view of prior judicial determination by the highest court of this State and the almost universal holdings in insurance cases from other states that "automobile" does not include "motorcycle", Annotation 38 A. L. R. (2d) 882-884, we think, under a proper construction of the policy here under consideration, it must be said that the accident in question is not covered.

It results that the assignments of error are overruled and the judgment affirmed at the cost of plaintiff.

Hale and Cooper, JJ., concur.