MARTIN P. SMITH, Individually and as Administrator of the Estate of KAREN A. SMITH, Deceased, et al., Respondents, v. THOMAS STEWART et al., Defendants; MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.

Third Department, July 14, 1964.

*Mullarkey & Horigan* (*Richard T. Horigan* of counsel), for appellant.

*Grey & Snyder* (*Harry D. Snyder, Jr.,* of counsel), for respondents.

*John L. McMahon* for Thomas Stewart, defendant.

*Medwin, Tabner & Carlson* (*Edward A. McMahon* of counsel), for General Mutual Insurance Company, defendant.

*LeRoy T. Walbridge* for Lumber Mutual Fire Insurance Company, defendant.

Taylor, J.  Karen Ann Smith was killed and her sister, Linda Carol Smith, injured on August 19, 1961 when thrown from an unregistered 1941 Chevrolet coupé automobile owned by the defendant Stewart and at the time operated by him on a public highway in the Town of Wilton, Saratoga County, distant about one quarter of a mile from his home.  Ownership of the vehicle had been acquired in the late Spring of 1961.  Thereafter its doors, headlights, fenders and hood were removed, its rear seating compartment cut away and a homemade stake body substituted therefor, the transformation having been completed on the day preceding the accident.

On June 30, 1961 respondent, the Lumber Mutual Fire Insurance Company of Boston, Massachusetts, issued to Stewart its "Family Combination Automobile Policy" effective for a period of one year. At the time of the accident there was also in force a "Combination Personal Liability Policy" of the defendant, General Mutual Insurance Company, in which he was the named insured. Each insurer disclaimed coverage under its policy and defendant, Motor Vehicle Accident Indemnification Corporation, refused to entertain the claims filed on behalf of plaintiffs pursuant to the provisions of a standard endorsement annexed to an automobile liability insurance policy issued to plaintiff Smith (Insurance Law, § 167, subd. 2-a) until the questions of coverage under the policies had been judicially resolved.

Thereafter plaintiffs instituted this action for a declaration of the rights of the parties which, after a trial before the court without a jury, resulted in a judgment exonerating both insurance carriers from any obligations to their respective insureds in connection with the accident and in the declaration that defendant, Motor Vehicle Accident Indemnification Corporation, is liable, under its uninsured motorist endorsement, for any injuries and damages sustained by plaintiffs. This appeal followed.

The pertinent coverage provision contained in the Lumber Mutual Fire Insurance Company's policy required it " To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of : A. bodily injury, sickness or disease, including death resulting therefrom  *  *  * sustained by any person  *  *  *  arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile." In the section titled " *Definitions* " it states among other things : " ' *owned automobile* ' means a private passenger, farm or utility automobile or trailer owned by the named insured  *  *  *  ' *private passenger automobile* ' means a four wheel private passenger, station wagon or jeep type automobile;  *  *  *  ' *utility automobile* ' means an automobile, other than a farm automobile, with a load capacity of fifteen hundred pounds or less of the pick-up body, sedan delivery or panel truck type not used for business or commercial purposes ". Item 4 of its " Declarations " describes the owned automobile as a " 1960 Studebaker 4 Dr. Lark s132495 6 Cyl." Item 5 thereof reads : " Unless otherwise stated herein :  *  *  *  (a) The total number of private passenger, farm and utility automobiles owned on the effective date of this policy

by the named insured does not exceed the number of such automobiles described in Item 4''. Condition 2 of the policy provides: ''PREMIUM: If the named insured disposes of, acquires ownership of or replaces a private passenger * * * or utility automobile * * * he shall inform the company during the policy period of such change. Any premium adjustment necessary shall be made as of the date of such change in accordance with the manuals in use by the company. The named insured shall, upon request, furnish reasonable proof of the number of such automobiles or trailers and a description thereof.''

We find that the motor vehicle involved in the accident answers the definitional requirements of the policy in respect of either a private passenger or a utility automobile. Its disqualification from coverage arises, however, from other circumstances. The insuring clause uses the definite article '' the '' in describing an owned automobile whereas the word '' any '' is employed to extend coverage to nonowned automobiles. It would seem that the same adjective, denoting an undetermined number, which is used in the case of automobiles operated but not owned by the insured would have been chosen to include those owned but unlisted in the declaration if such had been intended. In our judgment the word choice cannot be regarded as casual but must be given significancy of major dimension in ascertaining the intent of the parties to the agreement. Declaration 4 is intended to identify the motor vehicles to which the initial coverage provided by the policy attaches. It would serve little purpose if interpreted to include also an unnamed automobile owned by the insured on its effective date. Moreover, Condition 17 of the policy states that its issuance by the insurer is in reliance upon the truth of the statements contained in the Declarations.

Condition 2 relied on is also unavailing to bring the vehicle in question within the protective range of the insuring agreement. No ambiguity exists as to this contractual provision. Insofar as pertinent its terms clearly extend coverage only to an after-acquired automobile. That the Chevrolet car was purchased by the insured prior to the effective date of the policy is not in dispute. There is no proof that the insurer knew of its existence. It would require, in our judgment, a patent torture in interpretation to stretch the application of this condition to a motor vehicle whose ownership on the date of the issuance of the policy is neither disclosed nor declared by the insured.

For the reasons stated we conclude that coverage under the policy issued by the Lumber Mutual Fire Insurance Company

does not extend to the Chevrolet automobile. Courts of other jurisdictions have reached similar conclusions in construing policies containing substantially identical provisions. (*Wise* v. *Strong*, 341 S. W. 2d 633 [Mo., 1960]; *Preferred Risk Mut. Ins. Co.* v. *Continental Ins. Co.*, 172 Neb. 179; *Imperial Cas. & Ind. Co.* v. *Relder*, 308 F. 2d 761, 765 [1962].)

The record compels the same conclusion as to the policy issued by defendant, General Mutual Insurance Company. Under Coverage L of this policy the insurer agreed "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage" and to "defend any suit against the insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy". IV, Definitions, provides: "Wherever used in this policy: * * * '*automobile*' means a land motor vehicle, trailer or semi-trailer, but the term 'automobile' does not include any crawler or farmtype tractor, farm implement and, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads". Under the heading "Exclusions" it is stated: "This Policy Does Not Apply: * * * (b) under coverage L * * * to the ownership, maintenance, operation, use, loading or unloading of (1) automobiles or midget automobiles while away from the premises or the ways immediately adjoining".

The vehicle involved aptly fits the policy's definition of an automobile. Coverage is not provided while the vehicle is being operated or used away from the insured's premises. That such was its role when the anterior accident occurred is conceded. We find no merit in the contention that, because the policy extends greater coverage latitude in respect to certain specified activities permitted to be pursued away from the premises — e.g., the use of watercraft — it was intended to accord an automobile the same degree of deviation. An unambiguous policy provision confines the use of such a vehicle to the premises of the insured or to "the ways immediately adjoining" if he is to have coverage for its negligent operation. Nor can we adopt the rationale urged by appellant that the vehicle was a "farm implement" and thus saved from the operation of the exclusion clause of the policy.

Since the proof established that the automobile involved in the occurrence was not covered by a valid and enforcible policy the Motor Vehicle Accident Indemnification Corporation endorsement became effective. (*McCarthy* v. *Motor Vehicle Acc. Ind. Corp.*, 16 A D 2d 35, affd. 12 N Y 2d 922.)

The judgment appealed from, misnomered an order (Civ. Prac. Act, § 473; CPLR 3001), should be affirmed, with one bill of costs apportioned among respondents.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment affirmed, with one bill of costs to respondents.