**Wanda Cofer WILHITE**

v.

**TENNESSEE FARMERS MUTUAL INSURANCE COMPANY.**

Supreme Court of Tennessee.

June 17, 1974.

Campbell & Campbell, Chattanooga, for appellant-defendant.

Berke, Berke & Berke, Chattanooga, for the appellee-plaintiff.

## OPINION

McCANLESS, Justice.

Wanda Cofer Wilhite, the widow of Larry Cofer, sued Tennessee Farmers Mutual Insurance Company for the maximum coverage provided by the uninsured motorist endorsement of a policy of automobile liability insurance that the company had issued to Larry Cofer on a pick-up truck that he owned and which was in effect when he was killed. The plaintiff averred that she had obtained a judgment of $25,000.00 in the Circuit Court of Hamilton County as damages for the wrongful death of her husband, who was riding a motorcycle which collided with an uninsured automobile being driven by one Benjamin Martin.

The plaintiff made exhibits to her complaint the insurance policy and a copy of her judgment against Martin, which had been pronounced in favor of Wanda Cofer Wilhite, a minor, by next friend, Willard Cofer, for the use and benefit of Wanda Cofer Wilhite and her daughter, Tammy René Cofer.

The relief the plaintiff sought by her complaint in this suit is the recovery of the coverage of $10,000.00 afforded by the uninsured motorist endorsement, a penalty of twenty-five per cent for the wilful and bad faith withholding of payment, and interest from July 15, 1971, the date of the judgment pronounced in the plaintiff's suit against Martin.

The defendant insurance company asserted its defense to the complaint by filing its answer in which it is said:

"Proper notice of the accident was not given as required by the policy. The policy plainly provides on the front and back that 'Immediate notice of any accident' shall be given.

"On page 8 of the policy it is provided that 'Written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured, and also reasonably obtainable information respecting the time, place, circumstances of the accident or occurrence, names and addresses of injured persons and available witnesses. * *.' No written notice has been given prior to the filing of the suit and no notice 'as soon as practicable' was given.

"The deceased, Mr. Cofer, was not riding in an automobile at the time of the fatal accident and was not covered within the meaning of the policy.

"Even if a 'motorcycle' were an 'automobile' within the meaning of the policy, which it is not, there would still be no coverage because the motorcycle was furnished for the regular use of the deceased, Mr. Cofer, the named insured, in violation of the policy, which provides:

"'but the term "insured automobile" shall not include:

"'(i) * * *

"'(iv) Under paragraphs (2) and (3) above, an automobile furnished for the regular use of the named insured or any resident of the same household.'

"Nor does a 'motorcycle' come within the policy terms."

The parties presented evidence and at its conclusion the jury returned a verdict for the plaintiff of $10,000.00, plus $600.00 interest, plus a penalty of fifteen per cent.

According to the proof, Larry Cofer, about nineteen years old, was an employee of his father, Willard Cofer, who operated farms in Meigs, Bradley, and Hamilton Counties. Willard Cofer had bought two motorcycles which primarily were for the use of his two sons, Larry and his younger brother, but which sometimes were used by others. Larry Cofer owned a pick-up truck for which the defendant, Tennessee Farmers Mutual Insurance Company, had issued the automobile liability insurance policy, including an uninsured motorist endorsement, which is involved in this suit. He was riding one of the motorcycles when he was killed.

Within two or three weeks after Larry Cofer's death, his father notified Hugh Randolph, an agent of the defendant insurance company, who told him that the uninsured motorist provision of the policy afforded no coverage. No one gave the company any further notice but thereafter the suit against Martin was brought with the result mentioned. The record shows that Martin was represented by other counsel but that counsel representing the defendant insurance company participated in his defense.

In its motion for a new trial the defendant asserted as grounds in summary: (1) that there was no evidence to support the

verdict and the court should have directed a verdict for it, (2) lack of written notice to the defendant and the court's failure to submit to the jury the question of notice; (3) lack of evidence of bad faith and submission of the question of bad faith to the jury; (4) failure of the court to comply with the defendant's request to charge, in substance, that the burden of proof was upon the plaintiff to bring herself within the terms of the policy; and (5) in holding that there was coverage under the policy. The court overruled the motion for a new trial, and the defendant appealed and assigned errors consistent with its motion for a new trial.

The defendant assigned as error the failure of the court to charge that the burden of proof was on the plaintiff to make out her case by bringing herself within the terms of the policy. The plaintiff assigned as error (1) the action of the court in failing to grant an additur by increasing the penalty from fifteen to twenty-five per cent and (2) by failing to allow interest to be computed and recovered on $25,000.00 rather that on $10,000.00.

The defendant in the Circuit Court, in its briefs in the Court of Appeals, in this Court, and in oral argument insists that the uninsured motorist endorsement does not afford coverage because when Larry Cofer was killed in his collision with Martin he was operating an automobile "furnished for the regular use of the named insured". We agree that under the language of the endorsement this would be the case if Larry Cofer had been using an "automobile" when he was killed and that if we were to hold that a "motorcycle", within the meaning of the policy, is an "automobile", then we would hold also that under the facts in this record, there would be no coverage.

■ An automobile is a motor vehicle mounted on four wheels whereas a motorcycle is mounted on two wheels. Moore v. Life & Casualty Insurance Co., 162 Tenn. 682, 40 S.W.2d 403 [1930]. In Beeler v. Pennsylvania Theshermen & Farmers Ins.

Co., 48 Tenn.App. 370, 346 S.W.2d 457 [1961], Judge McAmis wrote:

"In view of prior judicial determination by the highest court of this State and the almost universal holdings in insurance cases from other states that 'automobile' does not include 'motorcycle', Annotation 38 A.L.R.2d 882–884, we think, under a proper construction of the policy here under consideration, it must be said that the accident in question is not covered."

The defendant, as we have noticed, admitted in its answer that Larry Cofer was not riding in an automobile at the time of the fatal accident.

Had Larry Cofer been standing beside the road and had been run down by an uninsured automobile under circumstances resulting in the motorist's liability, coverage then would have been afforded by the policy in effect on his pick-up truck. None of the policy's exceptions would have applied; under the facts before us the assertion of the company that it is not liable because Larry Cofer was driving "an automobile furnished for the regular use of the named insured" cannot be sustained because Larry Cofer, when he met his death was not riding in "an automobile" but on a "motorcycle". These words must be given their ordinary meaning. Swindler v. St. Paul Fire & Marine Insurance Co., 223 Tenn. 304, 444 S.W.2d 147 [1969].

■ The defendant insists that it is not liable to the plaintiff because it did not receive written notice within a reasonable time after the collision in which Larry Cofer was killed. The record shows that within two or three weeks after the collision Willard Cofer, the father of Larry Cofer, telephoned Hugh Randolph, the defendant's agent, who told him that the policy did not afford coverage. There is no dispute about this fact; both Willard Cofer and Hugh Randolph confirmed it by their testimony and there was no reason to submit it to the jury. The time shown to have elapsed between the collision and the

telephone conversation was within the rule of Prudential Insurance Co. v. Falls, 169 Tenn. 324, 87 S.W.2d 567 [1935], an opinion cited by the Court of Appeals. We hold that in the circumstances the notice given was timely and sufficient.

We have examined the charge of the court and have compared with it the request made by the defendant and refused by the court. We are of opinion that the charge was adequate and that it instructed the jury correctly with respect to the law regarding the burden of proof.

■ The defendant assigns as error the imposition by the jury and the court of the penalty of fifteen per cent allowed by Section 56–1105, T.C.A. We agree with the Court of Appeals that there is material evidence to support the jury's finding that the penalty of fifteen per cent should be imposed.

■ The plaintiff's contention that interest should be allowed on $25,000.00, the amount of the judgment obtained by her against Martin, cannot be allowed. The amount of the judgment in excess of $10,000.00 was not the responsibility of the defendant under the terms of its policy. Interest was properly allowed from July 15, 1971, the date of the judgment at six per cent on $10,000.00.

The insistence of the plaintiff that the penalty should be imposed at the rate of twenty-five per cent is disallowed. There is material evidence to support the jury's finding that the penalty should be imposed at fifteen per cent, but we cannot, by way of an additur, increase the award in the manner urged by the plaintiff.

We have considered all the assignments of error, overrule them all, and for the reasons we have expressed in this opinion, we affirm the judgments of the Circuit Court and of the Court of Appeals.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.