Robert R. CROCKER, Individually and as Next Friend of Andy Crocker, a minor, Appellant,

v.

GULF INSURANCE COMPANY, Appellee.

No. 8288.

Court of Civil Appeals of Texas, Texarkana.

June 17, 1975.

Howard Carney, Jr., Carney, Mays & Carney, Atlanta, for appellant.

George L. McWilliams, Hubbard, Patton, Peek, Haltom & Roberts, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a declaratory judgment action. A take nothing judgment was entered in the trial court. The judgment of the trial court is affirmed.

Gulf Insurance Company issued a Texas Standard Farm and Ranch Owners Insurance Policy to Robert R. Crocker. The contract is of the type commonly known as a homeowner's policy. During the term of the policy, Andy Crocker, the minor son of the insured, operating a Honda 125 motorcycle collided with a pedestrian, Jana Lynn Reid, on a public street in the town of Queen City, Texas. As a result of the collision a suit to recover damages was filed against Robert R. Crocker and Andy Crocker by Freda Reid, individually, and as next friend of Jana Lynn Reid. In their declaratory judgment pleadings Robert R. Crocker and Andy Crocker allege that Gulf Insurance Company is obligated to defend them under the terms of the mentioned policy. The insurance company refused to defend on the theory that the policy does not afford coverage against liability arising out of the operation of a motorcycle away from the premises of the insured.

The allegations of an insured's petition and the provisions of the policy in suit determine the duty of the insurer to defend. *Argonaut Southwest Insurance Company v. Maupin*, 500 S.W.2d 633 (Tex.1973); *U. S. Fidelity & Guaranty Co. v. Baldwin Motor Co.*, 34 S.W.2d 815 (Tex.Com.App.1931, jdgmt. adopted); *Maryland Casualty Co. v. Moritz*, 138 S.W.2d 1095 (Tex.Civ.App., Austin 1940, writ ref'd); 49 A.L.R.2d 703; Ann: Liability Insurer—Refusal to Defend, Sec. 4. The parties have narrowed the issue in this appeal to the problem of whether a motorcycle is within the definition of an automobile as it is defined in the contract here under consideration.

The particular wording of the insurance contract's definition of "automobile" has not heretofore been considered by Texas Courts. Numerous insurance policy definitions of the term "automobile" have had consideration but the reported cases are helpful mainly in establishing that, standing alone, the term "automobile" does not include a motorcycle and that terms used in insurance contracts are given their ordinary and generally accepted meaning unless the contract shows the terms are meant in a technical or different sense. *Futrell v. Indiana Lumbermens Mutual Insurance Company*, 471 S.W.2d 926 (Tex.Civ.App., Houston 1st Dist. 1971, no writ); *The Guardian Life Insurance Company of America v. Scott*, 405 S.W.2d 64 (Tex.1966). The definition of an automobile set out in the contract under consideration is:

> "The term 'automobile' means a land motor vehicle, trailer or semi trailer; but the term 'automobile' does not include, except while being towed or carried on an automobile, any of the following: any crawler or farm-type tractor, farm implement or, if not subject to motor vehicle registration, any equipment which is designed for use principally off public roads."

The one sentence convoluted definition of "automobile" clearly expands the scope of the term and leaves no doubt but that the term is given a broader meaning in the policy than is ordinarily accorded it in common usage. The first clause of the sentence enlarges the meaning of automobile to include a land motor vehicle, trailer or semitrailer. The second clause specifically excludes certain vehicular apparatus but tempers the exclusion with an exception. Such clause excludes vehicular apparatus that might qualify as an automobile under the first clause definition by specifically excluding any crawler or farm-type tractor, farm implement or, any equipment, not subject to motor vehicle registration, which is designed for use principally off public roads. However, apparatus specified in the second clause is excepted from the second clause exclusion when it is towed or carried on an automobile. The definition in its entirety is broad enough to include a motorcycle within the term "automobile." Definitions similar in some respects have been considered in other jurisdictions. For such light as they shed upon the problem here see: *Lang v. General Insurance Company of America*, 268 Minn. 36, 127 N.W.2d 541 (1964); *Beeler v. Pennsylvania Threshermen and Farmers Insurance Company*, 48 Tenn.App. 370, 346 S.W.2d 457 (Eastern Section 1960); *Smith v. Stewart*, 21 A.D.2d 551, 251 N.Y.S.2d 342 (1964).*

There is no contention that the Crocker motorcycle was being towed or carried on an automobile at the time of the collision with Jana Lynn Reid. The record supports the trial court's finding that the motorcycle was a land motor vehicle and the court's legal conclusion that it was an automobile under the policy definition. The parties tacitly agree that the policy coverage did not extend to the operation and use of an automobile while away from the premises referred to in the policy or ways immediate-

---

* Discussed in *Williams v. Cimarron Insurance Co.*, 406 S.W.2d 173 (Tex.1966), but not otherwise available to this court.

ly adjoining. Gulf Insurance Company was not under the record presented contractually bound to defend the Crockers in the suit filed against them by Freda Reid, and the trial court properly so held.

The judgment of the trial court is affirmed.