# IN THE COURT OF APPEALS OF TENNESSEE
# AT JACKSON
April 30, 2001 Session

## ROY ANDERSON CORPORATION v. WESTCHESTER FIRE INSURANCE COMPANY, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. 96515 T.D.     Robert A. Lanier, Judge

---

### No. W2000-01489-COA-R3-CV - Filed July 26, 2001

---

Roy Anderson Corporation secured builders risk insurance from Westchester Fire Insurance Company and Continental Insurance Company to cover construction of a federal correctional facility. As a result of defective workmanship by the masonry subcontractor, Roy Anderson Corporation sustained losses when it had to repair completed, non-defective work of other trades damaged by the masonry subcontractor.  Roy Anderson filed a notice of claim based upon these damages to Westchester Fire Insurance Company and Continental Insurance Company approximately two years after discovering the defective work.  The insurance companies filed a motion for summary judgment, claiming that they were prejudiced by untimely notice; that the defective workmanship exclusions in the policies applied thereby excluding Roy Anderson Corporation's claim for loss; and that the policies' contractual limitation periods precluded the claim.  The trial court granted summary judgment on the first two grounds.  We affirm the grant of summary judgment on the ground that the defective workmanship exclusions applied.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and JOE G. RILEY, SP. J., joined.

Michael I. Less and Christopher M. Caputo, Memphis, Tennessee, for the appellant, Roy Anderson Corporation.

Kenneth R. Shuttleworth and Robert A. Talley, Memphis, Tennessee, for the appellees, Westchester Fire Insurance Company and Continental Insurance Company.

**OPINION**

In September of 1994, Roy Anderson Corporation (Anderson) contracted with the Federal Bureau of Prisons to construct a federal correctional facility in Forrest City, Arkansas (the project). As a condition to this contract, Anderson was required to procure builders risk insurance. In November of 1994, Anderson secured builders risk insurance underwritten by Westchester Fire Insurance Company (Westchester) and Continental Insurance Company (Continental), with each carrier equally sharing the risk.

Anderson awarded the masonry subcontract to Mathis Masonry, Inc. (Mathis) and required Mathis to provide all labor, services, and materials necessary to perform all masonry work on the project. By March 14, 1995, Anderson discovered that Mathis' masonry work was defective, deficient, and failed to comply with the project plans and specifications. Specifically, Mathis' defective work resulted in damage to the non-defective work of other subcontractors, including damage to the roof, drainage, electrical, water, and ventilation duct lines. Mathis abandoned the project in March of 1996, and as a result of its defective work, Anderson had to repair or replace the damage to the project.

Anderson substantially completed the masonry work on the project in July of 1996, and the entire project was substantially completed in September of 1996. In July of 1997, Anderson filed its notice of claim to Westchester and Continental, demanding reimbursement for the economic losses Anderson sustained as a result of Mathis' defective work. Westchester and Continental denied Anderson's claim in June of 1998 based upon lack of coverage as provided in the policies, Anderson's failure to timely notify them of the claim as required by the policies, and Anderson's failure to comply with additional policy provisions relating to its duties in the event of loss.

Anderson filed a declaratory action against Westchester and Continental seeking coverage under the builders risk policies for damage to completed, non-defective work on the project. Westchester and Continental filed a motion for summary judgment and argued that they were entitled to a judgment as a matter of law based upon untimely notice, lack of coverage based upon defective workmanship exclusions to the policies, and the policies' contractual suit limitation provisions. The trial court granted the defendants' motion for summary judgment, finding that coverage for the loss incurred by Anderson was excluded by both policies in that the policies do not cover losses resulting from faulty, inadequate or defective materials or workmanship. Further, the court found that Anderson's notice of a claim was late and that the late notice resulted in prejudice to Westchester and Continental. This appeal followed.

Anderson has presented the following issues, as we perceive them, for this Court's review:

1.      Whether the trial court erred in granting summary judgment.

2.      Whether the trial court erred in finding that Mathis' defective masonry work was not accidental.

3.      Whether the trial court erred in finding that the policies' defective workmanship exclusions were applicable.

This appeal is from a grant of summary judgment in favor of the defendants, Westchester and Continental.  Summary judgment is appropriate if no genuine issues of material fact exist and the movant proves it is entitled to a judgment as a matter of law.  *See* Tenn. R. Civ. P. 56.03.  On appeal, we must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in its favor and discarding all countervailing evidence. *See Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998) (citing *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns questions of law, we review the record *de novo* with no presumption of correctness of the judgment below.  *See* Tenn. R. App. P. 13(d); *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

## Policy Exclusions

Anderson's complaint filed against Westchester and Continental sought recovery for the completed, non-defective work of other trades which was damaged as a result of Mathis' defectively performed work.  (TR, Memo in Opposition to Motion for Summary Judgment, p.11).   The Westchester policy provided that Westchester will pay for loss to covered property from any of the covered causes of loss, with "covered property" meaning the insured's property or the property of others for which the insured was liable, including:

a.      Materials, supplies, machinery, equipment or fixtures which will become a permanent part of the building, structure or project at the project site . . .; and

b.      Temporary buildings or structures at the project site . . . .

However, the Westchester policy included a defective workmanship exclusion which provided:

We will not pay for a "loss" caused by or resulting from any of the following.  But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

a.      Faulty, inadequate or defective materials or workmanship.

The Continental policy provided that Continental will pay for "direct physical 'loss'" to covered property caused by or resulting from any covered cause of loss, with covered property being:

a.      Property which will or has become a permanent part of the project . . .

b.      Temporary structures . . . at the job site . . . .

The Continental policy also contained an exclusion whereby Continental provided that it would not pay for:

a "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss".

. . . .

c.    Faulty, inadequate or defective:

1.    Planning, zoning, development, surveying, siting;

2.    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

3.    Materials used in repair, construction, renovation or remodeling; or

4.    Maintenance;

of part or all of any property wherever located.

In explaining what was covered and what was excluded by the defective workmanship exclusions in the policies, Michael J. Koski of Westchester provided this example in his deposition: "A house is constructed with a faulty roof. A rainstorm happens. Interior water damage. The faulty roof is not covered. The covered cause of loss, interior rain damage, would be covered[.]"

Based upon the defective workmanship exclusions and the above testimony, the trial court found the following:

[T]he language of this policy indicates to me that it's clearly of what I think is called a casualty policy and this is borne out by the expressed exclusions which are that they don't pay for things that result from things that are not, as the coverage clause says, accidental injury, which this is not.

I don't think there's any ambiguity in this policy with definites to these Courts interpreting other policies and for that reason, I think the exclusion does apply and that there's no coverage.

As contract interpretation is a question of law, *see Aetna Life Ins. Co. v. Bidwell*, 241 S.W.2d 595 (Tenn. 1951), and because we agree with the court's determination, we find that the trial court did not err in granting Westchester's and Continental's motion for summary judgment on the ground that the policies' defective workmanship exclusions applied which resulted in a lack of

coverage for the loss claimed by Anderson. Thus, we affirm the grant of summary judgment on this ground.

Based upon our foregoing conclusions, we find that the remaining issues are pretermitted.

### *Conclusion*

For the aforementioned reasons, we affirm the trial court's grant of summary judgment in favor of Westchester and Continental on the ground that the defective workmanship exclusions were applicable to the instant matter thereby excluding from coverage Anderson's claim of loss. The costs of this appeal are taxed to the appellant, Roy Anderson Corporation, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE