## BUCKINGHAM LIFE INSURANCE COMPANY, Appellant,

v.

## Ida M. WINSTEAD, Appellee.

Court of Appeals of Kentucky.

May 22, 1970.

Carl R. Clontz, Allen & Clontz, Mount Vernon, for appellant.

Elmer Cunnagin, Jr., McKee, for appellee.

GEORGE B. RYAN, Special Commissioner.

On December 13, 1968, the insured, John Albert Winstead, appellee's decedent, was operating his 1966 one-half ton pickup truck on Kentucky Highway 21 in Madison County, Kentucky when it left the road and struck a telephone pole resulting in his death the same day.

The decedent had purchased a policy of insurance from the appellant, the terms of which provided, among other things, for accidental death benefits:

> "If loss of a covered person's life shall result, within 60 days from the date of the accident, solely from injury sustained as the result of an accident to any automobile inside of which such covered person is riding, whether as driver or passenger, the company will pay a lump sum death benefit of Five Thousand Dollars in addition to any other benefits payable under this policy. * * *."

The trial court found the aforementioned pickup truck within the coverage of the policy and entered a judgment accordingly. The insurer has appealed.

The sole question upon appeal is whether or not "a pickup truck" constitutes an "automobile" within the meaning of the policy.

A provision of that policy is couched in the following language:

"* * *. As used in this provision, 'automobile' means any vehicle of the type commonly known and referred to as an *automobile*."

While the foregoing lends little to the solution of the problem, nevertheless it points up the controlling aspect of the term, "automobile."

The term "automobile" itself is derived from the Greek word "autos" meaning "self" and the Latin word "mobilis" or "moving," connoting merely a self-propelled vehicle. It is not in itself limited to any particular type or style of vehicle.

A definition is furnished in Bouvier Law Dictionary, Third Revision, Volume 1, page 294, wherein "automobile" is defined as a "vehicle for the carriage of passengers or freight propelled by its own motor."

In interpreting the terms of a policy of insurance, it has long been held that they should be construed in favor of the insured so as not to defeat the claim of indemnity which he intended to secure. Spring Garden Insurance Company v. Imperial Tobacco Company, 132 Ky. 7, 116 S.W. 234, 20 L.R.A.,N.S., 277, 136 Am.St.Rep. 164.

The best definitive analysis is found in 38 A.L.R.2d, beginning at page 867. This exegesis touches upon the use of the words "automobile" and "car" as applied to accident insurance coverage.

In Kentucky the terms "car" and "automobile" have specifically been held to be interchangeable, the word 'car' being substitute or synonym for 'automobile.'" See Monroe's Adm'r v. Federal Union Life Insurance Company, 251 Ky. 570, 65 S.W.2d 680. Therefore, the article is wholly applicable to the case at hand. Under the generic term "automobile," the article mentions Kentucky as being among those jurisdictions holding a truck to be within that category, specifically finding a "one and one-half ton truck" as being within the coverage of a policy of accident insurance. The case cited therein is Life and Casualty Insurance Company of Tennessee v. Metcalf, 240 Ky. 628, 42 S.W.2d 909.

One of the rules of interpretation which has been applied most frequently, according to the symposium, is that "words in an insurance policy are to be given their ordinary and usual meaning." Thus, the courts have said that the terms "automobile" or "car" should be interpreted as they are popularly understood. Cited as authorities in support of this proposition are Metcalf and Monroe, previously mentioned, and Washington National Insurance Company v. Burke, Ky., 258 S.W.2d 709, the subject of the article itself.

Metcalf, as has been said, included a one and one-half ton pickup truck under the coverage "automobile." Monroe found an "airplane" not within the coverage "automobile or motor driven car," wherein an insurance policy specifically excepted "motorcycles" and "railway cycle cars." Burke, although finding the "generic term automobile" to be "broad enough to include all forms of self-propelling vehicles" held "a farm tractor" not to be included as an "automobile" under coverage of an accident insurance policy.

The article also states at page 875 that not only has "a truck been held to be an 'automobile' within the coverage of an accident policy, but that a 'truck has been held to be a private motor-driven automobile' or 'private motor-driven car'" within the coverage of an accident policy, citing Metcalf.

There has been language in some policies according to the analysis, which tends further to constrict the coverage "automobile" by specifically limiting coverage to "private automobiles of the pleasure car type," or "passenger automobiles." Such was the

situation in the case of Senn's Adm'x v. Michigan Mutual Liability Company, Ky., 267 S.W.2d 526, relied upon by the appellant. In Senn, a sedan delivery vehicle of an unusual construction was held not to be an automobile of the "private passenger type" within the meaning of an accident policy. This case obviously is distinguishable from Metcalf as it was governed by the more restrictive language "private automobile," rather than the broader term "automobile." Had the insurer desired such a restrictive coverage in the instant case, it would no doubt have employed such language in its policy such as in Senn, in the face of these long-standing decisions. It, therefore, follows that the Metcalf decision is controlling here.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.