**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Allen W. NOLAN and Janice Nolan, Appellees.**

**98–SC–0475–DG.**

Supreme Court of Kentucky.

Nov. 18, 1999.

Rehearing Denied Feb. 24, 2000.

Paul J. Bishop, Wayne J. Carroll, Edward H. Bartenstein, MacKenzie & Peden, P.S.C., Louisville, for Appellant.

Bryan J. Dillon, Louisville, for Appellee.

KELLER, Justice.

Allen W. ("Wayne") and Janice Nolan borrowed a truck from a friend so that they could help their son, Robert, move back to Kentucky from Massachusetts. During the move, while Robert was driving, the truck ran off the road in West Virginia and Wayne and Janice Nolan were injured. The injured Nolans brought a negligence action against their son and sought recovery as passengers under the Nationwide Mutual Insurance Company ("Nationwide") policy insuring the truck. The trial court granted summary judgment in favor of Nationwide on the basis that the Nolans were excluded from coverage under the language of the insurance policy which disclaimed coverage for "any insureds." The policy defined "insureds" as "persons . . . entitled to protection [under the policy]." Under the policy's auto liability coverage, a permissive user is entitled to protection if he is "legally responsible for the use" of the automobile. Were Wayne and Janice Nolan, as a matter of law, legally responsible for the use of the truck at the time of the accident and thereby excluded from recovery? We conclude that the question of Wayne and Janice Nolan's legal responsibility must be resolved as a factual issue and affirm the Court of Appeals.

The relevant séctions of the Nationwide Auto Policy read:

**DEFINITIONS**

. . .

2. the words "THE INSURED", "AN INSURED", and "ANY INSURED"

mean or refer to the persons and organizations specifically indicated as entitled to protection under the coverage being described.

. . .

## AUTO LIABILITY COVERAGE

**PROPERTY DAMAGE AND BODILY INJURY LIABILITY COVERAGE.** Under this coverage, if you become legally obligated to pay damages resulting from the ownership, maintenance, use, loading or unloading of your auto, we will pay such damages. Anyone living in your household has this protection. Also protected is any person or organization who is legally responsible for the use of your auto and uses it with your permission. This permission may be expressed or implied. . . .

. . .

## AMENDATORY ENDORSEMENT— LIABILITY COVERAGE EXCLU- SIONS

With this endorsement, the policy is amended as follows:

## AUTO LIABILITY
## COVERAGE EXCLUSIONS

The following exclusion is added to read: It does not cover **bodily injury** to **any insured** or any resident family member in **an insured's** household. . . .

Nationwide successfully argued to the trial court that Wayne and Janice Nolan could not recover under the policy because the Auto Liability Coverage Exclusion specifically exempts coverage for "bodily injury to any insured." Nationwide argues that the language of the section governing Auto Liability Coverage (known as an Omnibus Clause) establishes that Wayne and Janice Nolan fall within the "any insured" language because they were legally responsible for the use of the truck and they used it with permission. The parties do not dispute that Wayne and Janice Nolan used the vehicle with proper permission, and the issue this Court must resolve is whether, at the time of the accident, they were legally responsible for the use of the

truck. "Legally responsible" is not defined anywhere within the policy, and we are asked to interpret the phrase in order to assess the correctness of the trial court's summary judgment.

Nationwide argues that the phrase should be construed to extend coverage to Wayne and Janice Nolan because, as permissive users of the vehicle, they had legal duties to fulfill in connection with the vehicle's operation. Wayne and Janice Nolan argue that this language contemplates coverage only when permissive users of the vehicle incur legal liability, and that they are entitled to recover under the policy unless a jury apportions liability to them. The construction issue turns, therefore, on whether the "legally responsible" language contemplates a factual determination of liability or whether the parties intended the language to cover any duty of care on the part of a permissive user which exists as a matter of law. We conclude that the policy language refers to the factual issue of liability.

■ Although the parties devote large sections of their briefs on the question of whether this insurance contract should be interpreted under Kentucky or Indiana law, we find it unnecessary to engage in an interest analysis because our resolution is reached by applying principles of contract construction which are common to both states. The words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning. *Eli Lily and Co. v. Home Insurance Company,* Ind., 482 N.E.2d 467, 470 (1985); *Buckingham Life Insurance Company v. Winstead,* Ky., 454 S.W.2d 696, 697 (1970). "The trial court must give effect to what the parties expressly agreed upon" instead of "plac[ing] a strained interpretation thereon contrary to the intent of the parties. . . ." *Stucker v. College Life Insurance Company of America,* 139 Ind.App. 422, 438, 208 N.E.2d 731, 739 (1965). Policies should be interpreted according to the parties' mutual understanding at the time they entered into the contract and "[s]uch mutual intention is to

be deduced, if possible, from the language of the contract alone." *Simpsonville Wrecker Service, Inc. v. Empire Fire and Marine Insurance Company*, Ky., 793 S.W.2d 825, 828–829 (1990). With these principles in mind, we find that the trial court erred in finding Wayne and Janice Nolan "insureds" for the purposes of the exclusion.

■ The paragraph containing the language which Nationwide claims makes Wayne and Janice Nolan "insureds" is titled "Auto Liability Coverage" and clarifies in parentheses "(for damage or injury to others caused by your auto)." The policy is explicit that it covers named insureds only when they "become legally obligated to pay damages...." We feel it would require a tortured reading of this paragraph to interpret "legally responsible" differently from "legally obligated" as used in the first sentence. Certainly the two sentences use different words, but we are convinced the word choice in the sentence relating to permissive users was the result of a desire for word variety rather than an attempt to assign a different meaning. The sentence addressing permissive users begins with the words "Also protected," and explains that the coverage for a driver from outside the family given permission by the named insured to drive the vehicle is co-extensive with the coverage available to a named insured or a member of the named insured's family. This section provides the policyholder with assurances that Nationwide will pay for damages caused by the negligence of a named insured, a family member of a named insured, or a permissive user of the named insured while he or she is operating the vehicle covered by the policy. Nationwide contends that this language means a permissive driver becomes "an insured" by virtue of any duty of care implied by the law regardless of whether damages result. We cannot interpret the language in that manner without abandoning the plain language of the policy.

We do not hold today that Wayne and Janice Nolan are entitled to recover from Nationwide. Obviously, a number of issues relating to the driver's liability remain to be litigated. A jury might apportion a degree of fault to Wayne and Janice Nolan under some of the "legal responsibility" theories Nationwide argued in connection with this appeal, and the language in this paragraph may then be implicated. In other words, Wayne and Janice Nolan may shoulder a degree of legal responsibility for their injuries, but whether they do or not remains unresolved because this determination cannot be made as a matter of law. We hold today merely that this policy language does not transform a permissive user into "an insured" unless there is a factual finding of liability on the part of the permissive user.

Nationwide also attempts to resurrect the issue of whether the "resident family member" exclusion bars Wayne and Janice Nolan from recovery against the policy. This issue was resolved against Nationwide when a jury determined that Robert was not a "resident family member" of Wayne and Janice Nolan because he intended to maintain a separate residence. We see no reason to disturb that verdict as it was supported by sufficient evidence. In any event, Nationwide's attempt to revive the issue fails for a lack of proper preservation.

The Court of Appeals opinion is affirmed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

LAMBERT, C.J., GRAVES, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs in part and dissents in part by separate opinion.

COOPER, Justice, concurring and dissenting in part.

I agree with the majority's conclusion that the mere fact that Wayne and Janice Nolan *might* be "legally responsible" for Robert's negligence is insufficient to entitle Nationwide to a summary judgment in this case. Whether the Nolans are, in fact, "legally responsible" for Robert's

negligence is an issue for the jury (assuming evidence is offered to support a theory upon which liability could be predicated). Evidence of contributory fault would have made the Nolans vicariously liable had a third party been injured as a result of Robert's negligence. That vicarious liability would have made the Nolans "legally responsible for the use" of the auto, which would bring them within the policy definition of "an insured," which would trigger the exclusion for "bodily injury to any insured."

If a jury finds negligence on the part of Wayne or Janice Nolan sufficient to impute legal liability for Robert's negligence, then he or she would be excluded from recovering under the liability provisions of Nationwide's policy. If there is evidence to support such legal liability, it can be resolved by a separate interrogatory instruction to the jury.

Thus, I concur with the reversal of the summary judgment in this case; but dissent insofar as the majority opinion affirms the Court of Appeals' determination that the Nolans can recover against Nationwide without regard to whether a jury would, in fact, hold them "legally responsible" for Robert's negligence.