RENDERED: MAY 23, 2025; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0152-MR

SCOTT PRESTON                                APPELLANT


                  APPEAL FROM BOYD CIRCUIT COURT
v.                 HONORABLE GEORGE DAVIS, JUDGE
                  ACTION NO. 21-CI-00084


NATIONWIDE GENERAL
INSURANCE COMPANY AND
KENTUCKY ASSOCIATION OF
COUNTIES AND ALL LINES FUND                  APPELLEES


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE: COMBS, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE: Scott Preston ("Preston") appeals from summary judgments

entered in favor of Nationwide General Insurance Company ("Nationwide") and

Kentucky Association of Counties and All Lines Fund ("KALF") on his claims for

underinsured motorist ("UIM") benefits. We affirm the summary judgment as to

Nationwide, vacate the summary judgment as to KALF, and remand for further proceedings.

## BACKGROUND

Preston was injured in a motor vehicle accident while working as a paramedic for Carter County EMS. He filed a workers' compensation claim and was awarded temporary total disability ("TTD") benefits, permanent partial disability ("PPD") benefits, and medical expenses. Subsequently, Preston filed a negligence claim in Boyd Circuit Court against Randy L. Parks, the other driver, seeking medical expenses, lost wages, impairment of his power to earn money, and pain and suffering. He then filed an amended complaint against KALF, Carter County EMS's insurer, and Nationwide, his insurer, for UIM benefits.

KALF and Nationwide both filed motions for summary judgment. Nationwide contended that two policy provisions precluded coverage: an exclusion when using a motor vehicle to carry persons for a fee and its "other insurance" clause. KALF argued Preston's claims were time-barred under the policy and that its policy specifically excluded payment for loss already compensated by workers' compensation awards. The circuit court granted both motions for summary judgment.[1] This appeal followed.

---

[1] The circuit court initially granted KALF's motion and denied Nationwide's. Nationwide and Preston subsequently moved to alter, amend, or vacate. Following a hearing, the circuit court granted Nationwide's motion and denied Preston's.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. National Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). A trial court's decision to grant summary judgment is reviewed *de novo*. *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 905 (Ky. 2013), *as corrected* (Nov. 25, 2013) (citation omitted).

## ANALYSIS

Preston challenges the circuit court's summary judgments favoring Nationwide and KALF. Both Nationwide and KALF argued that summary judgment was proper based on their insurance contracts. Interpretation and construction of an insurance contract are a matter of law. *Isaacs v. Sentinel Insurance Company Limited*, 607 S.W.3d 678, 681 (Ky. 2020) (citation omitted).

As to Nationwide, Preston assumes the circuit court granted summary judgment under Nationwide's "other insurance" provision.[2] That provision provides in relevant part:

> OTHER INSURANCE
>
> 1. If there is other insurance for bodily injury suffered by an insured while occupying a motor vehicle other than your auto, we will pay the insured loss not paid or payable by:
>
> > a) other insurance of the same type[.]
>
> . . .
>
> However, this insurance will apply only in the amount by which the limit of coverage under this policy exceeds the total applicable limit of liability from all of the above noted recovery sources.

Nationwide argued that under this clause, its insurance only applied if the total amount of UIM insurance available from other sources was less than its UIM policy limits. Because KALF's $60,000 policy limit exceeded Nationwide's $25,000 policy limit, UIM coverage was unavailable to Preston under the Nationwide policy.

---

[2] The circuit court's order did not explain its reasoning. *See Jones v. Dougherty*, 412 S.W.3d 188, 194 (Ky. App. 2012) (citing Kentucky Rules of Civil Procedure 52.01) ("The trial court is not required to make findings of fact when granting or denying a motion for summary judgment.").

Preston does not seem to dispute Nationwide's interpretation. Instead, he argues that summary judgment was inappropriate because (1) the issue of primary and excess coverage has yet to be determined and (2) the "other insurance" clause is against public policy. For the reasons below, we affirm the circuit court's grant of summary judgment in favor of Nationwide.

As to his first contention, Preston posits that if Nationwide were deemed primary, the "other insurance" provision would not even come into play. The issue of primary coverage is a question of law. *See American Auto. Ins. Co. v. Bartlett*, 560 S.W.2d 6, 9 (Ky. 1977). Although the circuit court did not directly address the issue of primary or secondary coverage, under the facts of this case, KALF's UIM policy is primary.

First, KALF's policy does not contain a comparable "other insurance" provision. In fact, its policy provides that "[f]or any covered auto you own this Coverage Form provides primary insurance."[3] Therefore, Nationwide's UIM coverage is secondary as a matter of contract. Second, even if KALF's policy contained a similar provision, KALF's coverage would be primary as a matter of public policy. *See Countryway Insurance Company v. United Financial Casualty Insurance Company*, 496 S.W.3d 424 (Ky. 2016). In *Countryway*, our Supreme

---

[3] Carter County EMS is the policyholder and owned the ambulance Preston occupied at the time of the accident.

Court held that under the Motor Vehicle Reparations Act ("MVRA"), "where both the vehicle owner and a non-owner passenger are separately insured with UM coverage, the vehicle owner's coverage shall be primary." *Id.* at 435. While *Countryway* dealt with competing UM policies, "[t]here is no discernable difference between agreements for UM coverage or UIM coverage." *Powers v. Kentucky Farm Bureau Mutual Insurance Company*, 694 S.W.3d 361, 376 n.2 (Ky. 2024) (citing *Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 898 (Ky. 1993)). Both "must be construed in light of and in accord with the MVRA." *Countryway*, 496 S.W.3d at 434 (citation omitted).

Preston also argues that Nationwide's "other insurance" provision is against public policy. He contends that a clause limiting payment conflicts with KRS[4] 304.39-320(2), which requires an insurer to make UIM coverage available to its insured and pay the insured's uncompensated damages incurred due to a tortfeasor's not having sufficient policy limits. However, "the UIM statute expressly states that insurers are free to set their own terms and conditions of coverage." *Philadelphia Indemnity Insurance Company, Inc. v. Tryon*, 502 S.W.3d 585, 590 (Ky. 2016) (citation omitted).

KRS 304.39-320(2) provides:

Every insurer shall make available, upon request, to its insureds underinsured motorist coverage, whereby,

---

[4] Kentucky Revised Statutes.

> *subject to the terms and conditions of the coverage not inconsistent with this section*, the insurance company agrees to pay its own insured for such uncompensated damages as he or she may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering.

(Emphasis added.) Thus, "insurers may limit UIM coverage, at least within the confines of the rest of the statute." *Tryon*, 502 S.W.3d at 592. As our Supreme Court held in *Tryon*: "Kentucky public policy does not bar reasonable UIM exclusion provisions." *Id.* "The reasonable expectations of coverage are satisfied so long as the plain meanings of the terms of the underlying policies are clear and unambiguous." *Id.* The policy must show a "plain and clear manifestation of the company's intent to exclude coverage[.]" *Id.* at 591.

Here, the "other insurance" clause clearly and unambiguously provides that Nationwide's UIM coverage only applies if its $25,000 limit exceeds the limit of all applicable UIM policies. Preston would always have at least $25,000 in UIM coverage under the Nationwide policy. However, its insurance would not apply if greater UIM coverage were available. This is a plain and reasonable limit of coverage. The circuit court did not err in granting summary judgment to Nationwide based upon its "other insurance" clause.

Regarding KALF, it is again uncertain on what basis the circuit court granted summary judgment. KALF made two supporting arguments: Preston's damages had already been paid by workers' compensation, and its policy precluded double recovery; his claims were time-barred under the policy. Preston challenges both grounds. Under either rationale, the trial court erred in granting summary judgment.

As to the first, under a section titled "Limit of Insurance," KALF's policy states: "We will not pay for any element of loss if a person is entitled to receive payment for the same element of loss under any workers' compensation, disability benefits or similar law." Preston received workers' compensation benefits for TTD, PPD, and medical expenses. In his complaint, he seeks damages for medical expenses, lost wages, impairment of power to earn money, and pain and suffering.

Under KALF's policy (and pursuant to *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 316 (Ky. 2006)), Preston cannot recover damages duplicating his workers' compensation benefits. Thus, any jury award for lost wages, impairment of power to earn money, and medical expenses would be offset by his workers' compensation award for TTD benefits, PPD benefits, and medical expenses, respectively. However, any jury award for lost wages and permanent impairment not duplicated by the workers' compensation award would be recoverable by

Preston under KALF's UIM policy,[5] as would any award for pain and suffering, as it is not an item of damages covered by workers' compensation. *Hillman v. American Mut. Liability Ins. Co.*, 631 S.W.2d 848, 850 (Ky. 1982). As such, KALF was not entitled to summary judgment based on this policy provision.

KALF's other argument in favor of summary judgment was that Preston's claims were time-barred under its policy. Preston filed his amended complaint naming KALF as a party on December 9, 2022. KALF argued he was required to file his UIM claim within 12 months of his workers' compensation award on May 7, 2021. Section N of KALF's policy, titled "Legal Action Against Us," provides in relevant part:

> You may not bring any suit or legal action against us to recover a claim unless the terms of this Policy have been complied with. Nor can suit be brought against us until the amount of a claim against you has been determined or agreed upon. . . . Any suit or legal action brought by you against us must be commenced within twelve (12) months of the date that the amount of the claim against you has been determined or agreed upon.

KALF contends the policy language "[a]ny suit or legal action brought by you against us must be commenced within twelve (12) months of the date that the amount of the claim against you has been determined or agreed

---

[5] Preston's employer would be responsible for paying all future medical treatment reasonably required for the cure and relief of the injuries Preston sustained due to the accident under KRS 342.020(1). *See Samples*, 192 S.W.3d at 313.

upon[,]" bars Preston's UIM claim. Preston counters that this provision does not apply to his UIM claim. First, he notes the limitation is not found in the UIM endorsement, nor does it reference UIM claims. Second, and more persuasive, the time limitation begins to run from the date the "amount of the claim *against*" the insured is determined, implying it is limited to liability claims. A plain reading of the limitation provision suggests it does not pertain to UIM claims, and summary judgment on this basis was improper.

"Foremost in interpreting an insurance contract we are bound by the specific language of the contract before us." *Foreman v. Auto Club Property-Casualty Insurance Company*, 617 S.W.3d 345, 349 (Ky. 2021) (citation omitted). "The words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning." *Nationwide Mut. Ins. Co. v. Nolan*, 10 S.W.3d 129, 131 (Ky. 1999) (citation omitted). "[T]he policy must receive a reasonable interpretation consistent with . . . the plain meaning and/or language in the contract." *Kentucky Ass'n of Cntys. All Lines Fund Tr. v. McClendon*, 157 S.W.3d 626, 630 (Ky. 2005) (citation omitted). Finally, when interpreting insurance contracts, "perceived ambiguities and uncertainties in the policy terms are generally resolved in favor of the insured." *Thomas v. State Farm Fire and Casualty Company*, 626 S.W.3d 504, 507 (Ky. 2021) (citation omitted).

The clear language of the provision indicates it is limited to liability claims. Most tellingly, the time limitation to file suit is triggered from the "date that the amount of the claim *against* [the insured] has been determined[.]" But a claim for UIM coverage is a claim *by* the insured. If the provision was meant to apply to UIM claims, it would provide that legal action must be commenced from the date the amount of the claim *by* the insured has been determined. "We cannot interpret the language in that manner without abandoning the plain language of the policy." *Nolan*, 10 S.W.3d at 132.

## CONCLUSION

Accordingly, the Boyd Circuit Court's order granting summary judgment in favor of Nationwide is affirmed. Its order granting summary judgment in favor of KALF is vacated, and this matter is remanded for further proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey D. Hensley
Russell, Kentucky

BRIEF FOR APPELLEE
NATIONWIDE GENERAL
INSURANCE COMPANY:

Lee A. Smith
Prestonsburg, Kentucky

BRIEF FOR APPELLEE
KENTUCKY ASSOCIATION OF
COUNTIES AND ALL LINES
FUND:

Robert T. Renfroe
Greenup, Kentucky